In the Matter of the Application of JOHN J. BRENNAN, Individually, and as Treasurer of the Building and Construction Trades Council of Greater New York, Long Island and Vicinity, and in Behalf of the Trade Unions Comprising and Composing Said Council, and Others, Petitioners, against JEREMIAH T. MAHONEY, FRANK J. TAYLOR and MAX J. SCHNEIDER and S. HOWARD COHEN and Others, Members of and Constituting the Board of Elections in the City of New York, Impleaded with Others, Defendants.

Supreme Court, Special Term, New York County, October 20, 1937.

*Frank P. Walsh,* for the petitioners.

*Arthur Garfield Hays,* for the American Labor Party, *amicus curiæ.*

*John J. Bennett, Jr.,* Attorney-General [*Henry Epstein, Solicitor-General,* of counsel], for the defendants the Board of Elections in the City of New York.

*Paul J. McCauley* and *Emanuel Thebner,* for Jeremiah T. Mahoney, Frank J. Taylor and Max J. Schneider.

COLLINS, J.  This application seeks to restrain the board of elections from placing the name " Trades Union Party " upon the ballot for the November 2, 1937, election, and seeks further to restrain candidates for office from assuming or employing the name " Trades Union Party," upon the ground that the use of such name is a fraud and deception upon the public and in violation of the provisions of section 964 of the Penal Law.

The American Labor party joins in the application, but asks a declaration from the court that " no specific trade union group has an exclusive right to the words ' Trade Union.' "

The application is opposed by the Attorney-General, representing the board of elections, and by the candidates of the " Trades Union Party."

The petitioners maintain that virtually all the labor unions in Greater New York have indorsed and are espousing the candidates of the American Labor party, and they charge that the rival candidates have assumed the name " Trades Union Party " to deceive the voting public by making it appear that the units comprising the American Federation of Labor are advocating the election of the " Trades Union Party " ticket.  The candidates of the " Trades Union Party " were nominated by independent petition pursuant to the Election Law.

Subdivision 3 of section 137 of the Election Law stipulates that " The name selected for the independent body making the nomination shall not include the name or part of the name or an abbreviation of the name or of part of the name, of a then existing party."

Concededly, no other party bears the name or part of the name of " Trades Union Party." Nor does the emblem adopted by the " Trades Union Party "— a " striking hammer "— encroach upon or resemble the emblem of any other party.

Section 964 of the Penal Law reads: " Use of name or address with intent to deceive. No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby."

As I perceive it, section 964 has no application to a political contest where different parties pretend to represent a particular group, and where one brands the other's pretensions as sham. The section was designed chiefly to cover commercial frauds and to reach deception involving property. Quite conceivably it might be construed to embrace other species of fraud and deception. But most certainly it was not intended thereby to control names or slogans or pretensions of candidates for public office. It is no more the function of the court to inquire into the sponsors of the " Trades Union Party " than it would be to inquire into the

sponsorship of the City Fusion party, or any other party. And that no group of organized labor has a monopoly on the term ": trade union " needs nothing beyond the statement.

Those there are who maintain — and not without a modicum of plausibility and proof — that political lines today are sheer fiction; that many wearing a particular party label harbor the beliefs of a so-called opposition party. They point to the last municipal campaign where the candidate of one political party sought the nomination of another political party. If the theory now advanced by these petitioners be valid, then the courts could dislodge a candidate striving for a Republican nomination because he was in reality a Democrat and not a Republican, and his attempt to seek the Republican nomination was a fraud on Republican voters. To sustain the validity of the petitioners' position would be a blow to independent nominations.

Some hold that the major political parties have departed from the principles which inspired their creation. But would the courts, because thereof, restrain the use of the party names?

The fundamental and insuperable fallacy of this application is that it asks the court to decide which of these contending groups actually and truthfully represents the rank and file of organized labor. This, as I see it, is not a judicial function.

The appeal here made should be left to the electorate, not to the court. In a democracy the courts do not undertake to settle controversies which should be resolved at the polls. The free exercise of the elective franchise will not be fettered by injunctions. Let the voters decide for themselves which of the candidates more honestly represents their interests. The voters can be depended upon to separate the chaff from the wheat, the true from the false.

The board of elections has determined that the independent petition of the " Trades Union Party " complies with the Election Law. Nothing has been shown to warrant a disturbance of that determination. The motion for a restraining order is in all respects denied.