In the Matter of the Application of JULIUS RESTAURANT, INC., Petitioner, against JULIUS LOMBARDI, Respondent.

Supreme Court, Special Term, New York County, July 11, 1940.

*Paul Blanchard* [*Arthur Garfield Hays* of counsel], for the petitioner.

*Max Chopnick*, for the respondent.

SCHMUCK, J. Relying upon section 964 of the Penal Law, the petitioner seeks an injunction restraining the respondent from using the name of " Julius " in the operation of his restaurant business.

At the outset it is interesting to note that this proceeding is perhaps the first to be brought to trial under the above-mentioned section. The Court of Appeals (282 N. Y. 126) has determined that an application for an injunction under this section may be instituted by a notice of motion and petition, thus eliminating the necessity of pleadings.

The novelty of the matter demands a critical study of the intent of the Legislature. It is essential to remember that the statute is penal in nature and that, therefore, the civil remedy therein provided is dependent upon the establishment of a criminal intent on the part of the one accused of deception and impropriety. In the absence of " *animus furandi* " this simple method of obtaining an injunction cannot be invoked. As the statute is studied, it is unanswerably evident that the purpose of the Legislature was to punish and penalize any and all inexcusable invasions of the property right in the use of a trade name or symbol. It asserts that no one may, with intent to deceive or mislead the public, assume a name, designation or symbol or a part of any name, designation or symbol which may deceive or mislead the public as to the identity of such person, firm or corporation or the connection of such person, firm or corporation with any other person, firm or corporation. A violation of this edict is pronounced to be a misdemeanor. Finally it is provided that as a further deterrent an application for a restraining order may be made in the manner above indicated. The closer the study the more irresistible the conclusion that the statute was enacted in order to defeat conduct in the nature of commercial fraud. Especially does this appear to be correct for the statute provides that a restraining order may be granted without proof that any person has actually been deceived or misled, an element indispensable in the common-law action for unfair competition.

In concinnity with this conception it logically follows that proof sufficient to justify a favorable decree must be of most convincing character, in fact applying the rule which obtains in criminal law proof beyond a reasonable doubt and not merely proof of a preponderant nature. Were the situation different the general concept of injunctive relief for unfair competition would undergo a total

revolution. Such it is held could not possibly have been the aim of the Legislature.

A *precis* of the evidence inhibits any approval of petitioner's contention. Undeniably respondent has been established in business before the petitioner and not only used his own name but was generally known to his enthusiastic patrons as Julius. The court is not unmindful of the predilection of habitues of cabarets for intimately calling the boniface by his first name. The respondent was no exception to this custom and if the epicurean dilettantes who frequent his establishment are to be believed, and there is no reason to doubt their testimony, it was impossible to mistake the respondent's caravansary for petitioner's more modest bar and grill. Keeping in mind the nature of the proceeding being considered, it matters not what claim the plaintiff might assert in a common-law action, it cannot prevail here, for the respondent is not charged nor shown to have assumed the name " Julius " as part of a corporate name, nor is it claimed that on his part the name is assumed or part of a trade name. It may be embarrassing and perchance unfortunate that those two establishments use the same name or proclaim it in a similar manner, yet that in this instance cannot be rectified. Ordinarily a person may freely use his name for any lawful purpose and this regardless of others who may bear the same name. Epitomizing the evidence, the result is that no deceit, fraud or illegal appropriation has been shown against the respondent. Conspicuously absent is any evidence of intent on respondent's part to mislead the public. Though there may be competition between these litigants, and of this there is grave doubt, it nevertheless does not grow out of any criminal fraud on respondent's part.

Judgment for respondent. Submit findings of fact, conclusions of law and judgment accordingly.