In the Matter of the Application of Prince Ludovic Pignatelli (Also Known as Prince Pignatelli), Petitioner, against Guido Pignatelli and Others, Respondents.

Supreme Court, Special Term, New York County, July 31, 1940.

*Jerome F. Tobin,* for the petitioner.

*Whitman, Ranscom, Coulson & Goetz,* for the respondents.

BERNSTEIN, J.  The petitioner is seeking, under the provisions of section 964 of the Penal Law, to restrain the respondents from using the title or designation of " Prince " or " Princess " Pignatelli. Since there is a motion presently pending and undetermined before another justice of this court to set aside the service of the order to show cause herein as to the respondents Guido Pignatelli and Henrietta Hartford, the application here affects only the respondent Constance Wilcox Pignatelli, who is the wife of the respondent Guido Pignatelli.

The petitioner claims that he was born a prince and has been recognized and accepted as a member of the Spanish nobility, while Guido Pignatelli is only a commoner who pirated the title merely to bask in the sunlight of his fame and reputation, and his wife, Constance Wilcox Pignatelli, is, therefore, not a real princess. That fame and reputation is apparently founded on his skill as a skeet and clay target shooter, from which he has been deriving a livelihood, and he claims that the respondents' recent marital troubles and the publicity attendant thereon have caused him embarrassment in his social standing and professional career.

It appears, on the other hand, that the respondents have never been enaged in nor identified with skeet shooting and have never held themselves out as being in commercial competition with the petitioner.  The respondent, Constance Wilcox Pignatelli, while separated from her husband, is his legal spouse.  Since she married a man who claims the right to the title " Prince," she had a legal right to assume the title " Princess " and to use it in good faith and without intent to deceive or defraud.  It nowhere appears that she has used it otherwise.

A reading of the statute under which this proceeding has been brought indicates clearly that its purpose is to protect the public from commercial frauds and unfair trade practices.  It was never designed to prevent embarrassments or annoyances that may result from the use by other persons of names to which they are normally entitled.  (Cf. *Matter of Brennan* v. *Mahoney,* 165 Misc. 276.)

The application is in all respects denied.