In the Matter of the Application of AUGUST SCHENNE, Petitioner, against CLARENCE N. BENSON, Defendant.

Supreme Court, Erie County, March 27, 1942.

*Harry Lipsitz* [*Michael Catalano* of counsel], for the petitioner.

*Joseph May,* for the defendant.

PIPER, J. Motion for an order pursuant to section 964 of the Penal Law enjoining the defendant from continuing the business of a bar, restaurant and club under any name in which the word " Dog " is assumed, adopted or used, etc.

The petitioner sets forth in his petition that on April 3, 1941, he entered into an agreement with the defendant and defendant's wife under which the defendant and his wife sold to the petitioner a business known as " Hotel West Falls " located at West Falls, N. Y., " said business consisting of the good will, the registered name known as ' Dog Bar,' all the equipment and trade fixtures in said premises," etc.; that on May 1, 1941, petitioner took possession of said business and has continued in said business ever since; that the name " Dog " or " Dog Bar " has been identified with said business for some time as is evidenced by the fact that the defendant and his wife filed a certificate of conducting a business known as the " Dog Bar " and also " West Falls Hotel " in the Erie county clerk's office on May 11, 1939, which certificate was dated September 3, 1938; that on April 4, 1941, petitioner filed a certificate in the Erie county clerk's office stating his intention to carry on the business known as " Hotel West Falls " and " Dog Bar " as successors in interest to the defendant and his wife; that on April 10, 1941, the defendant filed a certificate of intention to conduct a business in the city of Buffalo known as " The Dog Club Restaurant;" that in connection with advertising of his said business the petitioner has used the words " Dog Bar " since he took possession of said business on or about May 1, 1941; that in the month of November, 1941, the defendant opened a bar, restaurant and club known as " The Dog Club " at 91 Niagara street in the city of Buffalo; that in front of the premises are two large cast

iron dogs and that the decorations inside the premises contain dogs as a part of the general scheme. That defendant distributes advertising matter in which he uses the word " Dog " and that on Monday, December 1, 1941, in the Buffalo *Courier Express* there was an article describing the opening of the defendant's business which contained the following words: " The Dog Club is the successor to the Dog Bar, which the Bensons operated in West Falls for 3½ years."

Petitioner claims that the use of the word " Dog " in connection with defendant's business, advertising, etc., constitutes a violation of section 964 of the Penal Law of the State of New York. This section provides that no person shall, with intent to deceive or mislead the public, assume or use as part of an assumed or trade name for advertising purposes or for the purposes of trade, any name or a part of any name which may deceive or mislead the public as to the identity of such person or as to the connection of such person with any other person, firm or corporation. It further provides that a violation of this section shall be a misdemeanor. A civil remedy is also provided in these words: " Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation." The section further provides that if the court shall find that the defendant is in fact using such a name and such use may deceive or mislead the public, an injunction may be issued by the court restraining the violation without requiring proof that any person has in fact been deceived or misled.

The Court of Appeals has held that this section permits the Special Term to entertain a proceeding instituted only by a notice of motion and a verified petition. (*Matter of Julius Restaurant, Inc.*, v. *Lombardi*, 282 N. Y. 126.) The above case was sent back to Special Term to be determined on the merits and the opinion of the trial justice is reported in 174 Miscellaneous, 875. The court pointed out that the statute is penal in nature and, therefore, the civil remedy therein provided is dependent upon the establishment of a criminal intent on the part of the one accused of deception. The court further sets forth " that proof sufficient to justify a favorable decree must be of most convincing character, in fact applying the rule which obtains in criminal law proof beyond a reasonable doubt and not merely proof of a preponderant nature."

I have found only three other reported cases under this section. In *Matter of Brennan* v. *Mahoney* (165 Misc. 276) a proceeding was brought to restrain the board of elections from placing the

name " Trades Union Party " upon the ballot. The court held that this section had no application to a political contest where different parties pretend to represent a particular group and that the section was designed chiefly to cover commercial frauds and to reach deception involving property.

In *Matter of Pignatelli* v. *Pignatelli* (175 Misc. 139) the petitioner sought to restrain the respondents from using the title " Prince Pignatelli." Petitioner claimed that he was born a prince while the respondent Pignatelli was only a commoner who pirated the title. The court held: " A reading of the statute under which this proceeding has been brought indicates clearly that its purpose is to protect the public from commercial frauds and unfair trade practices."

In *Club Iceland, Ltd.*, v. *Iceland Restaurant Corp.* (29 N. Y. Supp. [2d] 913) the petitioner asked for an injunction restraining the defendant from continuing its business under any name in which " Iceland " was used. The petitioner conducted an ice-skating rink under the name " Iceland " and as an adjunct to the skating rink maintained a restaurant. The defendant conducted a restaurant in the same city — New York. The court held: " The mere similarity of name without proof that the assumption, adoption or use of the word ' Iceland ' deceives or misleads the public will not warrant the granting of the relief contemplated in the section of the Penal Law," etc.

Petitioner's business is located at West Falls in the town of Aurora about seventeen miles from the business conducted by the defendant. It is interesting to note that in the agreement made between the parties for the purchase and sale of the West Falls business, the sellers agreed not to enter into any similar business within a radius of fifteen miles of the Hotel West Falls for a period of five years unless by consent of the petitioner. The question presented to the court is whether or not the defendant is using the name " Dog " with intent to deceive or mislead the public as to his identity or as to his connection with the business formerly conducted by him at West Falls, which is now being conducted by the petitioner. If defendant's new place of business was in close proximity to his former business, it might appear clear that such was his intention. Whether or not the similarity of name of a restaurant and bar conducted in the city of Buffalo would mislead the former patrons or prospective patrons of the West Falls business is not clear. It is true that the statute does not require proof that any person has in fact been deceived or misled. In order to find that the defendant has violated this section, it is necessary, however, to determine that the defendant intended to deceive or

mislead the public. If from the facts presented to the court it appears unlikely that people could be deceived or misled, it seems improbable that an intent to deceive can be found. Due to the distance between the two places of business and the fact that one is conducted in a small hamlet in the country and the other in a downtown section of the city of Buffalo, and on the papers submitted to me, I cannot reach the conclusion that the public have been or will be deceived or misled. It is entirely possible that proof might be submitted on the trial of an action brought by the petitioner against the defendant to convince the court that the defendant should be enjoined from further use of the word " Dog." On this application, however, I must decide the question on the moving papers and the defendant's reply affidavits. As no action has been commenced, the only remedy the petitioner has in this proceeding is the one specified in section 964 of the Penal Law. I do not believe that the papers present facts sufficient to find the defendant guilty of a violation of this section.

The motion is, therefore, denied without prejudice to the petitioner to bring any action he may be advised, either on the contract or in equity, to restrain the defendant from the use of the word " Dog " in the conduct or advertising of his business. No costs.

Prepare and present order accordingly.