In the Matter of the Application of LEON FAINBLATT and Others, Copartners Trading under the Firm Name and Style of LEE SPORTSWEAR Co., Petitioners, against LEO SPORTSWEAR Co., INC., Respondent.

Supreme Court, Special Term, New York County, June 20, 1942.

*Irving I. Friedman*, for the petitioners.
*Joseph Bloom*, for the respondent.

EDER, J. This is a summary application made upon petition and notice of motion as permitted by section 964 of the Penal Law for an injunction to enjoin and restrain the defendant-respondent from in any manner or form using the name " Leo Sportswear Co." The statute reads as follows: " § 964. Use of name or address with intent to deceive. No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby."

Without going into minute details it is enough to say that this court is entirely satisfied that the respondent adopted the trade or corporate name " Leo Sportswear Co., Inc.," for the purpose of indulging in unfair competition and with the design and intent to create and cause deception and confusion with the trade name of the petitioners and with intent to deceive and mislead the public. The excuse given by those associated with and in control of the respondent for the selection of the name " Leo " is rather amusing. It is said that in discussing the selection of an appropriate name " It was decided that a short, easily remembered and easily pronounced name should be used by the new firm." That it was then decided that the firm was to use the first name of its principal

salesman or sales manager, "Leo" Gilbert. This explanation appears to be fanciful. There are thousands of other short, easily remembered and easily pronounced names that could just as well have been chosen, but the choice had to be one that was as close to successful simulation with the petitioners' trade name as could be thought of.

Fortunately, it seems, the under-surface respondents had in their employ this salesman with the first name of "Leo." It was a good choice, so these persons no doubt believed, for if their intent at simulation should be challenged by the petitioners they could argue, with seeming plausibility (so they thought) that no evil intent prompted their selection of a name of such similarity but that it happened to be just a coincidence that they had a man of such first name in their employ.

The main ground of opposition appears to rest on construction placed on this statute to the effect that in order to render it applicable it is requisite that a criminal intent on the part of the respondent be clearly established and that the respondent's intentional violation of this statute must be proved beyond a reasonable doubt. In support of this position the respondent cites and relies on *Matter of Julius Restaurant, Inc.*, v. *Lombardi* (174 Misc. 875) and *Matter of Schenne* v. *Benson* (178 id. 301). The premise these cases assume is that this is a penal enactment and hence involves the necessity of proving these elements similarly as they are required to be proved in a criminal prosecution. I am unable to concur.

It is true that this is a penal statute but it is also a hybrid of civil and criminal remedies, yet capable of definite severance, the one from the other. Thus that part of it which relates to and grants civil remedy must be read separate and distinct from that part of it which is penal in character and viewed as a separate and independent enactment and construed and interpreted accordingly. (1 McKinney's Consol. Laws [1942], §§ 273, 275, and cases there cited.)

That part which confers the right to the civil remedy in the instant statute is no more than the counterpart of the civil action for an injunction to restrain unfair trade practices and unfair competition. The only difference is that it enables an aggrieved party to institute a summary proceeding and obtain prompt and permanent relief, theretofore available only by the slow, cumbersome, and at times unsatisfactory procedure of a plenary suit, with its attendant and unavoidable delays occasioned by the necessity of serving a summons and the length of time to answer with the right of application for further extensions of time, thus ultimately delaying a final hearing and determination for a considerable

period of time. At best, in the emergency, a temporary injunction or one granted *pendente lite* gave but provisional relief.

In a formal civil action for injunctive relief the elements of criminal intent and reasonable doubt are irrelevant, immaterial and unnecessary, and I am unable to see that these elements become relevant, material and necessary merely because the same civil relief is permitted by a summary proceeding incongruously allied with a penal law. (See *Matter of Julius Restaurant, Inc., v. Lombardi*, 282 N. Y. 126, 129.) The line of division is marked and clear as between the one and the other. If criminal prosecution is invoked the elements of criminal intent and reasonable doubt become involved and material and must be established; if civil suit is brought they have no application.

Much as I believe in and favor uniformity of ruling and decision I am constrained to dissent from rulings which espouse a contrary conclusion.

In the light of the views thus expressed, and believing as I do that the motives which induced the naming of the respondent as " *Leo* Sportswear Co., Inc.," were and are intended to cause confusion and to deceive and mislead the public, it follows that the petition should be sustained. Application granted. Settle order.