In the Matter of AGASH REFINING CORPORATION, Petitioner, against ABRAHAM GASH et al., Doing Business as A. GASH & COMPANY, et al., Respondents.

Supreme Court, Special Term, New York County, August 16, 1943.

*Samuel Chester* for petitioner.

*Meyer Halpern* for Ida Gash and another, respondents.

SCHREIBER, J. Petitioner, Agash Refining Corporation, has been, with its predecessors, in the business of refining, packaging, processing and importing foodstuffs since the year 1903. Its office and plant are in the borough of Brooklyn, city of New York. The business was founded and maintained by one Abraham Gash from whose name was derived the corporate

title. As the result of a bankruptcy proceeding in 1942 all the assets of the corporation, including good will, were sold to others, now constituting the petitioner, who since have actively engaged in the business. Large sums were expended in the purchase of such assets, in the continuance of the business and for advertising. In January, 1943, Abraham Gash, since deceased, and his wife filed with the County Clerk of New York County a certificate of doing business under the name of A. Gash & Company. The other respondents are the sons of the couple and may fairly be said to be or to have been active in this business. The office of respondents is in the borough of Manhattan, city of New York. Their business is materially different from that of petitioner, being confined to jobbing processed foodstuffs. Their stationery, however, carries the significant legend " since 1903 ".

The court, under the circumstances disclosed, is not entirely satisfied that the parties are, in fact, competitors or that the assumption of the name " A. Gash & Company " by the respondents was not in good faith. Whether the use of such name is unfair, deceptive, misleading and without legal justification presents difficult questions of fact and law. Petitioner, upon proper proof, may indeed be entitled to relief, in whole or in part, under the authorities in an appropriate action in equity (*Lerner Stores Corp.* v. *Lerner Ladies Apparel Shop, Inc.,* 218 App. Div. 427) where the true measure of relief may be moulded to the circumstances as they then exist. (*Wappler* v. *Woodbury Co.,* 246 N. Y. 152.)

Petitioner, however, seeks relief under section 964 of the Penal Law (L. 1937, ch. 638), which provides, in part, that an injunction may summarily issue on five days' notice whenever there shall be " an actual or threatened violation " of the section which makes a misdemeanor the use of a trade name simulating another " with intent to deceive or mislead the public." Proof that any person has been, in fact, deceived is not required by the statute.

Whatever may be said for a construction of this drastic statute which would limit its operation, insofar as its injunctive provisions are concerned, to a situation where summary protection of the public against deception is necessary and where the languid processes of an ordinary issue between private litigants will not suffice for that purpose (cf. *Matter of Brennan* v. *Mahoney,* 165 Misc. 276; *Matter of Pignatelli* v. *Pignatelli,* 175 Misc. 139; *Club Iceland, Ltd.* v. *Iceland Restaurant Corp.,* 29 N. Y. S. 2d 913), the Court of Appeals has ruled (*Matter of Julius Res-*

taurant, Inc., v. Lombardi, 282 N. Y. 126) that the statute is "a new and summary special proceeding adequate to modern needs" apparently covering all such situations. There would thus appear to be no basis for a holding that the proceeding is quasi criminal in nature, that a criminal intent on the part of respondents must be shown and that the evidence in support of the application must be established beyond a reasonable doubt. (*Matter of Julius Restaurant, Inc., v. Lombardi,* 174 Misc. 875; *Matter of Schenne v. Benson,* 178 Misc. 301.) Although the injunctive remedy provided by this statute is purely civil in nature, and is to be separately read (*Matter of Julius Restaurant, Inc., v. Lombardi,* 282 N. Y. 126, *supra; Matter of Fainblatt v. Leo Sportswear Co., Inc.,* 178 Misc. 760), it should not constitute a complete substitute for an action in equity for injunctive relief. Before a remedy so summary and sweeping is granted, the proof in support of the application should be clear and convincing that the statute is or may be violated or that the public is in present danger of harm through deception. (*Matter of Bill's Gay Nineties, Inc., v. Fisher,* 180 Misc. 721.)

No doubt a hearing may be ordered, if of aid to the court, upon such application. But where it is apparent, as in the matter at bar, that the questions of law and fact are close; that the public interest is not clearly involved; that relief, if any, may not be as broad as sought, the court, as a matter of discretion, should relegate petitioner to an equity action. It follows that the instant application should be denied.