Donald S. Taylor, J.
This is an application for injunctive relief founded upon those provisions of section 964 of the Penal Law of the State of New York which read as follows: “ No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, *765 or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation * * * and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.”
It is well settled that the summary and sweeping relief sought herein can be granted only upon a conclusive showing of an intent on the part of the respondent to deceive or mislead the public in respect to its corporate name. (Association of Contr. Plumbers of City of N. Y. v. Contracting Plumbers Assn. of Brooklyn & Queens, 302 N. Y. 495; Matter of Agash Refining Corp. v. Gash, 182 Misc. 309.)
Although the proof indicates instances of confusion, no material injury need be shown since the statute explicitly permits the court to grant an injunction “ without requiring proof that any person has in fact been deceived or misled ’ ’. (Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300.)
The circumstances here disclosed compel a finding of guilty intent and of probability of deception. The evidence is conclusive that the respondent entered a business in which the petitioner had long been engaged, operated it in a location directly across the street from petitioner’s business address and included in its corporate name the words Composition Service ’ ’ which the petitioner informally and its predecessor copartnership formally had been using to promote its business in the City of Albany, New York for a period of about 23 consecutive years. When there is added to these factors the further circumstance that the respondent’s main stockholder and president was an original stockholder, director and officer of the petitioner and continued as such until 1956 and also was a member of the copartnership which preceded it, the conclusion is inescapable that the “ respondent intended to trade on petitioner’s name and take advantage of the reputation which petitioner had achieved over the years.” (Matter of Playland Holding Corp. v. Playland Center, Inc., supra, pp. 303-304.)
The motion is granted and the respondent is restrained from using the corporate name “ Mac Composition Service, Inc.” *766 or any deceptive simulation thereof in any manner in the conduct of its business.
Settle order on notice of three days.
The papers in this proceeding will be forwarded with the signed order.