Charles A. Loreto, J.
Petitioner, Automobile Club of New York, Inc., makes this application pursuant to the provisions of section 964 of the Penal Law to enjoin respondent from using, displaying or in any manner reproducing counterfeit copies or colorable imitations of the AAA symbol, service mark and trade names. It appears that the AAA symbol is the registered serv *858 ice mark of the American Automobile Association, of which petitioner Automobile Club of New York, Inc,, is a related company. The service mark of the association consists of the letters AAA enclosed in an oval.
Petitioner, as an organization affiliated with the American Automobile Association, with a membership of 330,000 motorists, is subject to the control and regulation of such association and has the exclusive right to use this service mark and symbol in certain specified counties in the metropolitan area, including Bronx County, where respondent’s place of business is located. Petitioner is also authorized to enter into contracts with establishments, including service stations, whereby such establishments agree to render services to the members of the American Automobile Association and also to petitioner Automobile Club of New York, Inc.
It appears that petitioner has expended a great deal of effort and expense to achieve the reputation it now enjoys. It is this good will, built up over the course of many years, that petitioner claims respondent is now invading and impairing. In this connection petitioner claims that for some time prior' to March 16, 1959, and continuing to the present, respondent Wallace Karnell, doing business as Mindy Auto Towing, without the authorization and consent of petitioner or the American Automobile Association, and in direct competition with petitioner and its affiliated establishments, has been displaying on its tow truck insignia which are a colorful imitation of the AAA service mark and symbol, making use of the letters AAA in such a manner as to be misleading not only to members of the Automobile Club of New York, Inc., but to the public in general. • Although respondent has been requested to desist from continuing the use of the service mark and symbol, he has refused to comply with such request.
An affidavit by one of the respondent’s attorneys is submitted in opposition. It states in general terms that respondent does not compete with petitioner or any of its related or affiliated companies, and is neither misleading nor deceiving the public, asserting that respondent is merely attempting to inform members of petitioner’s club that he will tow them as well as others to his garage, free of charge, so that he can be in a position to render an estimate for body and fender repairs and possibly be awarded the job.
This explanation is not impressive and is wholly insufficient to prevent the granting of summary relief to petitioner. It is obvious respondent may achieve his stated objective by merely displaying a sign on his truck which would state in effect that *859 there would be no charge for towing. Moreover, the papers definitely show that respondent is in direct competition with petitioner and its affiliated establishments, as there are 63 official emergency road service stations in the 5 counties of New York City and 180 additional stations in the other metropolitan counties. All of these stations are qualified to and do engage in towing operations, as it is one of the requirements of their contract with petitioner. It appears also that a great majority of these affiliated stations perform or undertake to perform body and fender repair work.
Section 964 of the Penal Law in essence forbids the use of any trade name which may mislead the public as to the identity of the person using such name or as to his connection with anyone else. It is clear that the use by respondent of the letters AAA enclosed in an oval can only result in misleading the public by causing it to believe that respondent is in some way connected with petitioner. The right to an injunction under such section may not be defeated by a bare denial by one of respondent’s attorneys of intent on the part of respondent to deceive or mislead the public. Such intent may be shown by the surrounding circumstances (Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300; Matter of Hirsch v. Perlman, 51 N. Y. S. 2d 10, affd. 268 App. Div. 1035). Although actual competition need not be shown, as such competition is not a necessary prerequisite for the granting of an injunction under section 964 of the Penal Law, the moving papers definitely establish direct competition (Matter of Precision Apparatus Co. v. Precision Meter Co., 6 Misc 2d 817).
No triable issue has been raised by the answering papers. Respondent is fully aware of the petitioner’s rights in the AAA symbol, but has nevertheless appropriated the same, although it has no connection with his name or the trade name under which he is doing business. He does not deny that such symbol belongs to petitioner, nor does he deny that he is knowingly using it. The court is warranted, therefore, in concluding that respondent is clearly using such mark and symbol with intent to deceive the public in contravention of section 964 of the Penal Law. Accordingly, inasmuch as petitioner has made out a clear case entitling it to summary injunctive relief, the application is granted.
Settle order.