See also 185 F.Supp. 454.

LINCOLN RESTAURANT CORP. and Collins Restaurant Corp., doing business as a joint venture under the firm name and style of Wolfies and Wolfies Twenty-First Street Restaurant, Inc., Plaintiffs,

v.

WOLFIES REST. INC., Defendant.

Civ. No. 16936.

United States District Court
E. D. New York.

March 25, 1960.

Shapiro, Gubman & Sitomer, New York City, for plaintiff.

Raphael, Searles, Levin & Vischi, New York City, for defendant.

ZAVATT, District Judge.

This is a common-law unfair competition action, based upon the allegedly improper use by the defendant of the name "Wolfies" which (as alleged in paragraph "Sixteenth" of the complaint) "may deceive or mislead the public as to the identity of the person, firm or corporation owning the defendant's, or as to the connection that the owners of the said restaurant may have with the plaintiffs, or their licensee." Although this action was instituted in 1956 and the defendant interposed in its answer a separate and distinct defense of res judicata, the defendant did not make the present motion to dismiss the complaint until the case was set down for trial on the March, 1960 calendar of this court.

The defendant moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for summary judgment upon the ground that a prior, identical action, instituted by the same plaintiffs against the same defendant in the Supreme Court of Kings County, New York, was dismissed by an order of that court dated December 3, 1954 and that, therefore, the defendant is entitled to a judgment as a matter of law.

The so-called prior action was in fact an application made pursuant to § 964 of the New York Penal Law, McKinney's Consol.Laws, c. 40, which makes it a misdemeanor for any person, firm or corporation, "with intent to deceive or mislead the public," to use any name, designation or symbol for the purposes of trade which may deceive or mislead the public as to his or its identity or as to his or its connection with another person, firm or corporation. A proceeding under that section of the Penal Code is summary in nature. In the answer of the defendant to the plaintiffs' petition in that proceeding, the defendant contended that "The petition fails to set forth facts sufficient to entitle plaintiffs to the drastic remedy of injunction in a special statutory proceeding of this nature." Now and in the instant action, however, the defendant contends that that prior proceeding and the present action are identical.

An application under § 964 of the New York Penal Law (commonly denoted a motion) will be denied where there is a factual issue as to the alleged intent to deceive. Directory Publishing Corp. v. Suburban Classified Directory Corp., 1956, 4 Misc.2d 850, 162 N.Y.S. 2d 236. See also Spitz v. Lesser, 1951, 302 N.Y. 490, 99 N.E.2d 540. The statute is designed to afford "summary protection of the public against deception * * * where the languid processes of an ordinary issue between private litigants will not suffice for that purpose." Agash Refining Corp. v. Gash, 1943, 182 Misc. 309, 50 N.Y.S.2d 927, 928. Before such a summary and sweeping remedy is granted, the proof in support of the application must be clear and convincing that the statute is or may be violated or that the public is in present danger of harm through deception, Agash. Refining Corp. v. Gash, supra, and the court must be satisfied that there was an intent to deceive. American White Cross

Laboratories, Inc. v. Gotham Aseptic Laboratory, Inc., 1948, 81 N.Y.S.2d 548.

■ In an action for unfair competition, on the other hand, it is not essential to allege or prove an intent to deceive the public. The test is, rather, whether the use by a defendant of a plaintiff's name or mark is likely to confuse or mislead the public and injure the plaintiff's name, reputation, good will or business. Harvey Machine Co., Inc. v. Harvey Aluminum Corp., 1957, 9 Misc.2d 1078, 175 N.Y.S.2d 288 appeal dismissed, 1957, 4 A.D.2d 1014, 170 N.Y.S.2d 969.

■ The prior proceeding under § 964 of the New York Penal Law and the present action differ materially and essentially and different proof and evidence are required to sustain each. The law of res judicata is inapplicable. Overseas News Agency, Inc. v. Overseas Press, Inc., 1945, 185 Misc. 1010, 58 N.Y.S.2d 540 affirmed 1946, 270 App.Div. 754, 59 N.Y.S.2d 913.

The defendant's motion for summary judgment is denied. Settle order within ten days from the date hereof.