Jacob Markowitz, J.
This is an application pursuant to section 964 of the Penal Law, for an order restraining respondent from the use of the name “ Delmonico ”.
Petitioner since 1929 has operated a hotel at the northwest corner of Park Avenue and 59th Street, under the name ‘ ‘ Hotel Delmonico ”. On its premises it maintains two restaurants, two cocktail lounges, and a coffee shop. Respondent is a corporation organized in August of this year and has recently commenced operations as a delicatessen on the south side of 59th Street, between Park and Lexington Avenues, dealing in fancy groceries, a variety of sandwiches, domestic and imported beers, fruits, steamer baskets and frozen foods.
So far as can be ascertained, respondent is not authorized by its certificate of incorporation to operate a hotel or general restaurant.
For petitioner to prevail in its application for summary relief, it must be definitively determined that respondent intends to deceive the public. If from the facts such deception appears unlikely, there would be no basis of a finding of such intent. Mere similarity of name will not suffice (see Club Iceland v. Iceland Restaurant Corp., 29 N. Y. S. 2d 913; Matter of Scheme v. Benson, 178 Misc. 301).
The name involved herein undoubtedly derives from Lorenzo Delmonico, a famous restaurateur who died in 1881, whose name is often used to connote good eating (see Columbia Encyclopedia, p. 485). In this context it has been used not only by these parties, but other establishments as well.
Aside from the fact that both parties herein are purveyors of -food, their operations are so dissimilar that it would be *379 impossible on papers alone to conclude that anyone would be misled (Central Greyhound Lines v. Greyhound Cab Cory., 81 N. Y. S. 2d 416). Nor does it appear from the photographs submitted that there is anything on respondent’s store front, or in its advertising, calculated to lead anyone to the conclusion that it is in any way connected with the petitioner. Moreover, to go from petitioner’s establishment to respondent’s shop, it is necessary to cross to the east side of Park Avenue and to the south side of 59th Street and proceed toward Lexington Avenue, all this through congested traffic conditions, both automotive and pedestrian. In such circumstances, there is grave question that anyone will be confused as to any connection one with the other.
It may be that upon a trial proof could be submitted warranting an injunction, but on the papers here submitted this drastic summary relief should not be granted. The application is accordingly denied.