Clare J. Hoyt, J.
Petitioners, the National Crushed Stone Association and National Sand and Gravel Association, both organized under the membership corporation law of the District of Columbia, seek an order pursuant to section 964 of the Penal Law restraining the respondents from using petitioners’ names and compelling respondents to issue retractions of the use of petitioners’ names.
Petitioners are trade organizations consisting of producer members and manufacturer members who sell specialized equipment to the producer members in the respective fields of each organization. Among the activities of each petitioner is the promotion of a biennial exhibition by each petitioner for its own producer and manufacturer members. These exhibitions provide an opportunity for the display and sale of equipment and machinery for each trade and provide a source of revenue to the organization.
The respondent, Bruce A. MaoKenzie, is executive director and secretary of respondent, the Equipment Exhibitors Advisory Council, and was formerly an editor and columnist of Mining and Quarrying, a trade magazine published by respondent *882 Ros-Mac Publishing Company. A prime purpose of this Equipment Exhibitors Advisory Council is the promotion of one single exhibition for the solid minerals industry, comprised of the coal, metal mining, sand and gravel, and crushed stone industry.
In furtherance of this aim, letters dated July 31, 1961 with a letterhead reading “ Equipment Exhibitors Advisory Council, Harrison (Area Code 914 TE 5-2200), New York, Bruce A. MacKenzie, Coordinator ’ ’, were sent to the industry, including members of petitioners’ organizations, proposing a single unified solid minerals show. The letter was signed ‘ ‘ Bruce A. MacKenzie ” and at the bottom of the letter, underneath MacKenzie’s signature, the following appeared, “ Cooperating with and supporting the activities of American Mining Congress * National Crushed Stone Association * National Sand and Gravel Association ”.
Petitioners allege that the use of their respective names on this letterhead was wholly unauthorized and that respondents were not known to them prior to the publication of this letter. Upon learning of the publication, petitioners immediately demanded of respondents that they cease and desist and that a retraction be published.
Respondents claim that a retraction has been effected by a letter circulated to the same mailing list as the original one. Petitioners contend that the retraction is not sufficient.
The court concurs with the petitioners’ position that the retractions are insufficient. The initial mailing by the respondents appears to be deceptive, as well as the so-called retractions. Yet, the petitioners are not, in the court’s opinion, entitled to relief under section 964 of the Penal Law. This section permits the granting of an injunction on affidavits alone without a trial. The remedy should be granted, however, only when the right thereto is established in a clear and convincing manner (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495). The section is penal in.nature and must, thus, be strictly construed (Agash Refining Corp. v. Gash, 182 Misc. 309).
■A careful reading of section 964 indicates that the deception or misleading therein prohibited and subject to remedy thereunder is the use of a name, style, symbol or designation of another in a corporate, assumed or trade name.
There is no question that respondents used petitioners’ corporate names on respondents’ letterheads and it appears that said use was deceptive and misleading. But they did not incorporate petitioners’ names with their own names. Respondents merely stated, possibly quite falsely, as a fact at the bottom of the letterhead “ Cooperating with and supporting the activities *883 of "* " * # National Crushed Stone Association- and National Sand and Gravel Association
:’Section- 964-'pi’ovides for "ú -remedy'.Lwhen- the deception." results from the inclusion-of, or-reference to, the"-name of another in the name of the offending party. It does not furnish the remedy for a positive misstatement of fact appearing elsewhere than in the name of the offending party.
Petitioners rely on Matter of Auto Club of N. Y. v. Karnell (19 Misc 2d 857) in which respondent, operator of “ Mindy Auto Towing ’ ’, placed upon his truck the11 AAA ’5 symbol. Respondent was enjoined. A distinction between that case and the-one at bar is readily apparent. The deception arose from the familiar symbol, “ AAA ”, placed on the truck with the respondent’s name, “ Mindy Auto Towing ” which, in and of itself, indicated a connection between the two. In the case at bar, no deception results from the mere use of petitioners ’ names; they are not made a part of respondent’s name. The deceptioxx results from the statement of fact “ cooperating with and supporting ”.
The petitioners are, thus, not entitled to relief under section 964 of the Penal Law and the application is denied.