APPROVED FACTORY SERVICE, INC., Plaintiff, *v.* APPROVED FACTORY SERVICE et al., Defendants.

Supreme Court, Special Term, Nassau County, July 6, 1962.

*Gerard I. Nierenberg* for plaintiff. *Robert M. De Poto* for defendants.

JOSEPH A. SUOZZI, J. The defendants move for a preclusion order, and by separate application, the plaintiff seeks summary judgment. The action is brought to restrain the defendants from using the name Approved Factory Service, and for an accounting.

At the outset, it should be observed that this is a plenary action to restrain unfair trade practices, and for damages, as distinguished from a summary proceeding, brought pursuant to section 964 of the Penal Law, to enjoin the use of a name for advertising or other purposes which may mislead the public. The latter statute authorizes the summary issuance of injunctive relief upon affidavits where there is an intent to deceive although no material injury need be shown (*Matter of Playland Holding Corp.* v. *Playland Center,* 1 N Y 2d 300). In an injunction action, the element of intention to mislead is immaterial (cf. *Matter of Fainblatt* v. *Leo Sportswear Co.,* 178 Misc. 760, 763). The element of injury where damages are sought, however, is most pertinent, and by moving for summary judgment, the plaintiff

seeks to avoid the particularization of his damages on the ground that it is the subject matter for an accounting.

The plaintiff's right to enjoin the defendants' unfair use of its trade name does not justify its refusal to give particulars of its damages. If the plaintiff cannot specify the extent of its loss, it shall so state under oath, and supply the information after conducting pretrial proceedings.

The motion to preclude is granted unless the plaintiff furnish a further bill of particulars as to items 8, 9 and 12 of the demand within 10 days from the service of a copy of the order hereon with notice of entry. Items 7 and 10 are disallowed inasmuch as the defendants have admitted plaintiff's right to injunctive relief by discontinuance of the trade names formerly employed. The motion for summary judgment is denied with leave to renew after the service of particulars in accordance herewith.