In the Matter of JULIUS RESTAURANT, INC., Appellant, against JULIUS LOMBARDI, Respondent.

Argued November 20, 1939; resubmitted January 24, 1940; decided March 5, 1940.

*Myron Engelman* and *Sidney Katzen* for appellant. Section 964 of the Penal Law contemplates a special proceeding designed to provide a summary method of preventing or terminating a species of commercial fraud involving the use of a name and no action is required to be instituted by the service of a summons and complaint. (*Matter of Brennan* v. *Mahoney*, 165 Misc. Rep. 276; 252 App. Div. 741; *New York Worlds Fair 1939* v. *Worlds Fair News, Inc.*, 256 App. Div. 373; *People ex rel. Bennett* v. *Laman*, 277 N. Y. 368; *McHenry* v. *Jewett*, 90 N. Y. 58.)

*Max Chopnick* for respondent. No summons and no complaint was served in this matter. The papers served do not initiate any action or proceeding. It was, therefore, properly held that Special Term was without jurisdiction. (*Eastern Construction Co.* v. *Eastern Engineering Corp.*,

246 N. Y. 459; *Boyshform Brassiere Co.* v. *Modishform B. Co.,* 205 App. Div. 14; *Furey* v. *Town of Gravesend,* 104 N. Y. 405; *McKuskie* v. *Hendrickson,* 128 N. Y. 555; *Transit Commission* v. *Long Island R. R. Co.,* 253 N. Y. 345; *Matter of Simmons,* 130 App. Div. 350; 195 N. Y. 573; *Jones* v. *City of Albany,* 151 N. Y. 223; *Seligman* v. *Friedlander,* 199 N. Y. 373; *Walsh* v. *Henel,* 226 App. Div. 198; *Sanders* v. *Ader,* 26App. Div. 176; *B. P. O. E.* v. *Improved B. P. O. E.,* 205 N. Y. 459; *New York World's Fair 1939* v. *Worlds Fair News, Inc.,* 256 App. Div. 373; *People ex rel. Bennett* v. *Laman,* 277 N. Y. 368; *Cranford* v. *Tyrrell,* 128 N. Y. 341.)

FINCH, J.   Petitioner-appellant is a domestic corporation engaged in the business of conducting a restaurant-bar-and-grill at 159 West Tenth street, New York city, and alleges that its restaurant has been identified from its inception with the name " Julius " or " Julius' Restaurant." Petitioner, in this proceeding, seeks to enjoin the defendant-respondent from the use of the name " Julius " in connection with the defendant's restaurant-bar-and-grill which is located close to that of petitioner.

We are concerned here solely with the question of the power of Special Term to entertain a proceeding pursuant to section 964 of the Penal Law which has been instituted only by a notice of motion and a verified petition, no summons or complaint having been served.   The Special Term denied the relief requested.   The Appellate Division, first judicial department, affirmed by a divided court.

Does section 964 of the Penal Law contemplate a special proceeding designed to provide a summary method of preventing or terminating a species of commercial fraud involving the use of a name where no action has been instituted by the service of a summons and complaint? We are of the opinion that it does.   Section 964, enacted by chapter 638 of the Laws of 1937, provides: " No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate,

assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.''

It will be observed that the statute consists of but three sentences. The first describes the offense. The second denominates it as a misdemeanor. The third provides for injunctive relief available upon five days' notice. Clearly the scheme of the statute is to create two avenues whereby the evil which it denounces may be reached. *First*, those charged with the enforcement of the criminal law may prosecute the offender as a criminal. *Second*, the aggrieved individual may have speedy relief on the civil side by the preventive device of an injunction. Generally, a wrong

prevented results in better justice than an attempted cure. If the act be committed, only punishment or damage remains.

Objection to allowing the proceeding at bar is made upon two scores; *first*, that it was not the intent of the Legislature to authorize a proceeding different from that available heretofore in obtaining injunctive relief to restrain the objectionable conduct in question; and *second*, that if the Legislature did so intend, then the language employed for the purpose is abortive for failure to enumerate all the steps in the new proceeding.

The intent of the Legislature. The statute in question provides that " an application may be made * * * upon notice * * * of not less than five days." There is no established canon of construction from which it follows that *five* days' notice means *twenty* days in which to answer, as is provided by the Civil Practice Act in ordinary actions. Further, that " an application may be made " is contrary to the idea that a summons and complaint are required. An " application " is generally understood · as referring to a more informal type of procedure than an action constitutes. (Cf. Civ. Prac. Act, §§ 113–119, wherein the term " application " is used; also Civ. Prac. Act, §§ 1287, 1288, 1359; Insurance Law [Cons. Laws, ch. 28; Laws of 1939, ch. 882], § 528, in which the statute provides, " upon an application * * * to show cause * * * the court * * * may * * * issue an injunction * * *.") If the Legislature had intended restricting a proceeding brought pursuant to section 964 of the Penal Law, to the relief heretofore available, the language would have referred to " an action " or similar language, and not to the making of an application for the desired relief.

The efficacy of the language employed in section 964. The failure of the Legislature to enumerate the detailed procedure is but further indication of an intent to allow to the courts sufficient scope to adopt the procedure necessary to accomplish prompt relief. There is nothing to prevent a court from making the necessary rules, save only as these

may be inconsistent with acts of the Legislature prescribing an inflexible procedure for the courts. Every other body possesses the absolute right to adopt a procedure best suited to the need to be accomplished. The Stock Corporation Law (Cons. Laws, ch. 59), section 21, provides that " Either such stockholder or the corporation may apply upon eight days' notice to the other " for the relief authorized by that section. This statute has been in existence since enacted in its original form by chapter 638 of the Laws of 1893. It has generally been accepted that the words " may apply upon eight days' notice " were sufficient description of a special proceeding created by that statute. If those words are sufficient authorization for the courts to entertain a special proceeding, so must the words " an application may be made * * * upon notice * * * of not less than five days." Unless the entire latter portion of section 964 be treated as useless verbiage, it must be recognized to have created a new special proceeding not available heretofore.

And is this not an attempt by the Legislature to keep the procedural side of the law more in step with modern conditions in other walks of life? It may be that the proverbial lagging steps of the law may not do harm under other circumstances, but this petitioner alleges that there is here shown an attempt to capitalize for commercial profit a procedure which had become somewhat archaic in dealing with a state of facts similar to those in the case at bar and as prescribed for the courts by the Legislature. Petitioner further alleges that this restaurant had built up, over the course of the years, by dint of hard work and conscientious attention, a good will of great value. The defendant conducted a restaurant a few doors away in the same block and, it is contended, installed an electric sign so constructed as to deceive all except the most wary. This sign, so petitioner infers, was hung in the late spring; the hanging was so timed that under the procedure theretofore in force, including twenty days to answer and the summer vacation, it precluded a disposition of the issues until the fall or winter. Meanwhile it may be that the cream of the restaurant trade for the year had been obtained.

It is submitted that to prevent the use of the name or address of another with intent to deceive, the Legislature enacted a new and summary special proceeding adequate to modern needs.

The application of petitioner-appellant, therefore, should not have been denied upon the ground that he initiated his proceeding pursuant to section 964 and gained nothing.

The orders should be reversed and the matter remitted for further proceedings in accordance with this opinion, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.