In the Matter of OVERSEAS NEWS AGENCY, INC., Petitioner, against OVERSEAS PRESS, INC., et al , Respondents.

Supreme Court, Special Term, New York County, September 1, 1944.

*Weil, Gotshal & Manges* for petitioner.

*William J. Rudin* for respondents.

PECK, J. Petitioner, Overseas News Agency, Inc., brings this proceeding under section 964 of the Penal Law to enjoin the respondents, Overseas Press, Inc., and its owner, from using the name "Overseas" in connection with their press agency. The statute permits the issuance of an injunction in a summary proceeding upon a showing that a person, with intent to deceive, has assumed a name which may deceive the public as to the identity of such person. (*Matter of Julius Restaurant* v. *Lombardi,* 282 N. Y. 126.) The present motion is for the relief prayed for in the petition.

Petitioner, employing the name "Overseas News Agency", has been doing business in New York for the past four years, gathering and disseminating news and feature articles. The respondents, employing the name "Overseas Press", have for the past year been doing business in New York, gathering and disseminating feature articles, but not news. The parties are thus in a like business only in respect to feature articles, obtaining such articles from correspondents and selling them to newspapers and magazines.

Petitioner has, of course, priority in the use of the name "Overseas" and claims for that name a secondary meaning in its use in petitioner's news agency. Petitioner also furnishes some evidence of confusion due to the similarity of names, consisting principally of petitioner's receiving correspondence intended for the respondents. The respondents contend that "Overseas" is a commonly and widely used descriptive and geographic term, and that the word was incorporated into respondents' name because the description fits respondents' business. The crucial issue in the proceeding is that raised by petitioner's allegation and respondents' denial that respondents adopted their name with full knowledge of petitioner's name and the nature of its business, for the purpose of capitalizing upon petitioner's good will and with the intent, required by the statute, of deceiving the public into the belief that in doing business with respondents they are dealing with petitioner.

This motion must be determined with a view to the nature of the particular statute under which the proceeding is brought, the effect of the contemplated relief, and the standard which should be adopted for judging the quality of the acts complained

of. This is not the ordinary action for an injunction or the ordinary motion for a temporary injunction. This is a summary proceeding under a criminal statute, by which a permanent injunction is sought on the basis of pleadings and affidavits, without any opportunity for trial.

An injunction may be granted in the ordinary action for an injunction, to protect priority of use of a name or other private business interests, without regard to the defendant's intent or state of mind in the alleged infringement. Nevertheless, courts are cautious, in advance of trial, to grant temporary injunctions, and require a quite clear showing that plaintiff will probably succeed upon the trial before granting a temporary injunction. In the present proceeding, under the Penal Law section, there will be no trial, so the question is not whether a temporary injunction should issue pending trial but whether a final and permanent injunction should issue without a trial. That difference in the nature and scope of the proceedings should make the courts more cautious in granting the relief requested and insistent upon an even stronger showing in a proceeding under the Penal Law than would be required for the issuance of a temporary injunction in an action. And the statute itself introduces an essential quality into the proceeding which is absent from an action for an injunction. The assumption of a name, to be a violation of the statute and to entitle petitioner to the summary relief provided by the statute, must be '' with intent to deceive or mislead the public ''. The court is called upon, therefore, to inquire into the respondents' state of mind quite as much as into the probable effect of their action.

There is a division in the decisions of this court as to whether a violation of this statute must be proved '' beyond a reasonable doubt '', because the statute is a provision of the criminal law. (*Matter of Schenne* v. *Benson*, 178 Misc. 301; *Matter of Julius Restaurant, Inc.*, v. *Lombardi*, 174 Misc. 875; *Matter of Fainblatt* v. *Leo Sportswear Co., Inc.*, 178 Misc. 760; *Matter of Bill's Gay Nineties, Inc.*, v. *Fisher*, 180 Misc. 721.) This proceeding is, however, a civil proceeding, and the court here prefers to take the view that proof beyond a reasonable doubt is not required. Nevertheless, the nature of the statute and proceeding and the effect of the summary relief contemplated indicate the salutary need of some higher degree of proof than that required for a temporary injunction, and explicitly a showing of that intent upon the part of the respondents which is an essential ingredient of the offense.

The court is not satisfied here that respondents adopted the name " Overseas " with the intent of deceiving or misleading the public, or that such is the likely effect of respondents' use of the name " Overseas ". The parties are not really engaged in dealing with the public; at least, not in the usual way in which a deception may occur, where competitors in a wholesale or retail business are selling goods or services to the public. These parties deal in individual feature articles for placement with publications which, in the nature of the business, would be highly selective and discriminating. Persons either contributing articles to or buying articles from the parties would be influenced by personal contacts and arrangements and by the merits of the articles rather than by the name of the agency. (*Eastern Const. Co.* v. *Eastern Engineering Co.*, 246 N. Y. 459.)

The petitioner may well be entitled to an injunction in an action and to a temporary injunction on a motion made in such action. This opinion should not be taken as any anticipation or indication of the decision which should be made in such an action or motion. The court simply is not satisfied on these papers alone to determine the respondents' state of mind and to grant summary and final relief.