OVERSEAS NEWS AGENCY, INC., Plaintiff, *v.* OVERSEAS PRESS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, October 24, 1945.

*William J. Rudin* for defendants.

*Jerome M. Hirsch* for plaintiff.

BOTEIN, J. Defendants move under subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the complaint, which seeks to enjoin them from using the name " Overseas ", upon the ground that there is an existing final decree rendered on the merits determining the same cause of action between the parties.

Defendants' motion is predicated upon a proceeding previously instituted by plaintiff against defendants, pursuant to section 964 of the Penal Law, in which plaintiff's application for a summary injunction enjoining defendants' use of the name " Overseas " was denied at Special Term (*Matter of Overseas News Agency* v. *Overseas Press,* 183 Misc. 40) and affirmed without opinion by the Appellate Division (268 App. Div. 856).

The denial of the relief there sought was accomplished by the making of a " short form order " which stated that plaintiff's motion was " disposed of in accordance with memorandum opinion filed herewith ", and by the rendition of the memorandum opinion. Both the order and the opinion afore-mentioned, the records of the court attest, were entered as the final order in the proceeding.

The plaintiff urges that the determination of the prior proceeding was, in effect, without prejudice to the institution of the present plenary action and that the cause of action now asserted was not adjudicated in the prior proceeding.

The opinion of the Justice at Special Term (183 Misc. 40) indicates beyond cavil that he did not intend to foreclose plaintiff from proceeding with an *action* for an injunction and that he intended to relegate plaintiff to such remedy in conformity with the practice adopted in cases wherein the right to summary injunction is not clearly enough established (*Matter of Agash Refining Corp.* v. *Gash,* 182 Misc. 309; *Matter of Schenne* v. *Benson,* 178 Misc. 301; *Club Iceland* v. *Iceland Restaurant Corporation,* 29 N. Y. S. 2d 913). True, the court did not state in so many words that the denial of relief was " without prejudice " (Civ. Prac. Act, § 482). However, the failure to incorporate the words " without prejudice " does not necessarily lock the door to a new action, and where omitted recourse may be had to the judicial records of proceedings to demonstrate that a determination has been, in fact, made without prejudice (*Sarama* v. *Sarama,* 261 App. Div. 875; *Brenner* v. *Puchall & Co.,* 9 N. Y. S. 2d 777).

The prior proceeding depended upon the presentation of proof to the satisfaction of the court that defendants had assumed, adopted, or used the name " Overseas " " with intent to deceive or mislead the public " (Penal Law, § 964). It was because it failed to establish this wrongful intent required by the statute that the summary relief requested was denied to. plaintiff (183 Misc. 40, 43). An intent to deceive or mislead the public is not an essential allegation in an action to enjoin the use of a similar name in trade (*H. Co.* v. *H. S. Co.,* 144 N. Y. 462, 471; *N. Y. World's Fair 1939 Inc.,* v. *World's Fair News, Inc.,* 163 Misc. 661, 665, affd. 256 App. Div. 373, motion for leave to appeal denied 280 N. Y. 813; *Phenix Cheese Co.* v. *Kirp,* 176 App. Div. 735, 739). The prior proceeding and the present action therefore differ materially and essentially and different proof and evidence are required to sustain each. The bar of *res judicata* is inapplicable where causes of action differ " mate-

rially and essentially " (*Shepard Co.* v. *Taylor Publishing Co.*, 198 App. Div. 638, 642, affd. 234 N. Y. 465) or where " different proofs would be required to sustain the two actions " (*Lipkind* v. *Ward*, 256 App. Div. 74, 78).

The motion to dismiss the complaint is accordingly denied.