In the Matter of JAMES MURRAY, Petitioner, against EMIL F. ROEDEL, Doing Business as " THE ARTHUR MURRAY SCHOOL OF DANCING ", Respondent.

Supreme Court, Special Term, Albany County, February 25, 1949.

*Cogan & Cogan* for petitioner.

*Cooper, Erving & Savage* for respondent.

TAYLOR, J. Petitioner, James Murray, brings this proceeding pursuant to section 964 of the Penal Law for an order enjoining and restraining the respondent from conducting the business of teaching dancing under the assumed business name of " The Arthur Murray School of Dancing " in the city of Albany, New York, from maintaining and displaying the name " Arthur Murray " on premises numbered 31 and/or 33 Elk Street in said city and from causing to be purchased and published such advertisements as shall mislead and deceive the public into believing that one Arthur Murray is actually conducting the business of teaching dancing in said city.

Mr. Justice PECK in *Matter of Overseas News Agency* v. *Overseas Press* (183 Misc. 40, 41–42, affd. 268 App. Div. 856) in discussing an application under the statute involved here said: " This motion must be determined with a view to the nature of the particular statute under which the proceeding is brought, the effect of the contemplated relief, and the standard which should be adopted for judging the quality of the acts complained of. This is not the ordinary action for an injunction or the ordinary motion for a temporary injunction. This is a summary proceeding under a criminal statute, by which a permanent injunction is sought on the basis of pleadings and affidavits, without any opportunity for trial."

The petition alleges that the use of the name " Arthur Murray " by the respondent by advertisement and otherwise had deceived and misled and does deceive and mislead the public in general by indicating and implying that the said Arthur Murray is, in fact, personally engaged in the business of teaching dancing in and about the city of Albany, New York.

To succeed, the petitioner must establish that the use of the name " Arthur Murray " by respondent in conducting his business may deceive or mislead the public. Despite the penal nature of the statute, proof beyond a reasonable doubt is not required. (*Matter of Fainblatt* v. *Leo Sportswear Co.*, 178 Misc. 760; *Matter of Overseas News Agency* v. *Overseas Press, supra.*) Petitioner has submitted numerous exhibits consisting of advertisements in local newspapers in the city of Albany and a photograph of the respondent's place of business containing the name " Arthur Murray" across its exterior which, he contends, either intend to and do represent to the public that Arthur Murray of New York City is conducting a school of dancing at the

respondent's address in the city of Albany and is personally present to assist in teaching the terpsichorean art. There is also before me a certified copy of a certificate to conduct business under an assumed name from which it appears that Emil F. Roedel, the respondent, is conducting a business at the address stated under the name and style of " The Arthur Murray School of Dancing." The newspaper advertisements contain matter which is designed to present the advantages of dancing perfection and to assure its accomplishment in a short time and in a simple manner. Some contain the legend at the end of the advertisement " ARTHUR MURRAY OF NEW YORK CITY," " ARTHUR MURRAY " only or " ARTHUR MURRAY STUDIO ". The advertising matter refers to learning to dance the " Arthur Murray Way ", offers to make one a popular partner in the waltz, rhumba, fox trot and samba after a few lessons even though the subject has had no previous experience on the dance floor. It urges those who read it to put themselves " in the hands of an Arthur Murray expert." The advertising matter further urges the purchase of a dance book entitled " Murray-Go-Round " which can be had at the cost of twenty-five cents.

The answer denies the material allegations of the petition which allege a violation of the section and alleges that Arthur Murray has been a dancing teacher and has conducted schools for dancing for the past thirty-five years, during which period he has devised and developed a unique and special method of conducting a dancing school and teaching social dancing known as the Arthur Murray manner, which manner has attained national and international reputation in the field of dancing instruction. To present the method to the public, the answer avers, Arthur Murray has established by means of a franchise and licensing system studios and schools of dancing in virtually every State of the union, in Canada and elsewhere totaling 160 studios at the present time and that the respondent and his wife have entered into an agreement with Arthur Murray Inc. which is still in effect whereby they are licensed to use the name " Arthur Murray " to conduct a school of dancing under the Arthur Murray method and to advertise by using the name " Arthur Murray " for all of which they pay to the licensor a percentage of their earnings therefrom. It is further contended by the respondent that at such schools and studios the identical method of dancing is taught, the same publications are used and the method nationally advertised. It is also alleged by the respondent that there is no intent to deceive the public since there has been identified as a result of radio and

newspaper advertising with the name " Arthur Murray " a particular method of dance instruction which the public would expect to receive from a licensee of the method, such as the respondent.

In *Matter of Agash Refining Corp.* v. *Gash* (182 Misc. 309, 311) it was said " Before a remedy so summary and sweeping is granted, the proof in support of the application should be clear and convincing that the statute is or may be violated or that the public is in present danger of harm through deception." (Citing *Matter of Bill's Gay Nineties* v. *Fisher*, 180 Misc. 721.)

In my opinion, it is improbable that one would be misled or deceived by the use of the name Arthur Murray under the circumstances disclosed here. I do not believe that one would have the right to expect that he would receive personal dancing instruction from Arthur Murray by appearing at or attending the respondent's dancing studio. It is more reasonable to think that he would expect to receive instruction in a particular method of dancing invented by a person of that name and taught by instructors trained in his method.

Upon the papers before me, I do not find that degree of proof which the nature of the statute and proceedings and the effect of the summary relief contemplated require or the convincing indication of deceit on the part of the respondent which is an essential and necessary element of the violation of the penal statute with which he has been charged.

The petition is dismissed upon the merits, without costs.

Submit order.