Shientag, J.
(dissenting). This proceeding was brought against the respondent under section 964 of the Penal Law to enjoin it from using as its name “Contracting Plumbers Association of Brooklyn and Queens, Inc.” The use of the name is said to be in violation of the section which, so far as pertinent, is as follows: “Ho * * * corporation shall, with an intent to deceive or mislead the public, assume, adopt or use as 5" * * a corporate * * * name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name * * * or a part of any name * * * which may deceive or mislead the public as to the identity of such * * * corporation or as to the connection of such * * * corporation with any other * * * corporation”.
Petitioner is an association of contracting plumbers intended to be city-wide in its aetivitiés. It has been in existence since about 1900, although there is dispute with respect to the length of time petitioner has used its present name. Among others, the purposes of the association are to build up affiliations with trade groups in the building industry, to make collective bargaining agreements with local unions, including unions having jurisdiction of journeymen plumbers *841 and helpers in Brooklyn and Queens, and to set up a welfare fund for the benefit of the members of local unions with which it has a collective agreement. These trade associations in the plumbing industry are nonprofit in nature and are designed to promote the welfare of the industry and of the plumbers therein. They have become primarily concerned with the problems involved in dealing with labor. They have no direct dealings with the public.
The people who organized the respondent Contracting Plumbers Association of Brooklyn and Queens, Inc., were members of the petitioner. These master plumbers and others located in Brooklyn and Queens decided to form a separate association composed of contracting plumbers located in Brooklyn and Queens, and applied to the New York State Association of Master Plumbers, of which the petitioner is a member, for a separate charter. The State Association gave this separate charter under the name which is now attacked. Petitioner did nothing for almost a year and then brought this proceeding.
The record shows that the use of the phrase “Association of Master Plumbers” or “Master Plumbers Association” is nationwide. Indeed, both petitioner and respondent are chartered by the National Association of Master Plumbers as well as the _New York State Association. The record shows, moreover, that the tendency throughout the country is to encourage the use of the phrase “Association of Contracting Plumbers” by all groups who are affiliated with the national organization.
However that may be, the real question is whether the names are calculated to deceive and mislead within the meaning of the statute. It seems obvious, in the limited field in which these master plumbers act and in which they have their associations, that, while there is competition between the groups, it must be generally known that “Contracting Plumbers Association of Brooklyn and Queens, Inc.” is not the same as "Association of Contracting Plumbers of the City of New York, Inc.” Petitioner certainly has no monopoly of the term “Association of Contracting Plumbers” or “Contracting Plumbers Association.” The use of this expression is too widespread to permit of acquiring a secondary meaning. The parties are nonprofit organizations, not engaged in commerce, and by the use of the name in controversy cannot be said to be unfairly competing with each other.
Furthermore, there is no showing of any intent to deceive or mislead the public. The respondent transmitted two names to the Secretary of State at the time of incorporation. The first name was “Brooklyn and Queens Master Plumbers Association, Inc.,” and the second the name which is here attacked. The Secretary of State rejected the first name as conflicting with an existing organization of plumbing contractors in Brooklyn, but approved of the second name as not being in conflict with any name theretofore existing.
Petitioner urges that a false impression is created of a connection or an affiliation between petitioner and the respondent. The petitioner argues: “The name and title of petitioner, ‘Association of Contracting Plumbers of the City of New York, Inc./ includes the Boroughs of Brooklyn and Queens. The public (and persons in the building and plumbing industries are part of the public) must believe or understand that ‘Contracting Plumbers Association of Brooklyn and Queens, Inc.’ is a branch or division or part of the ‘Association of Contracting Plumbers of the City of New York, Inc.’ ”
This argument seems entirely without force. The very statement of the two names which in themselves are different leads to the inference that there is no connection.
*842 Section 964 is a most drastic statute and provides a summary remedy, — a permanent injunction on the basis of affidavits and without trial. It may be successfully invoked only on the clearest kind of a case. We find no such ease presented here. In Matter of Overseas News Agency v. Overseas Press (183 Misc. 40, 42, affd. 268 App. Div. 856) the court said: “In the present proceeding, under the Penal Law section, there will be no trial, so the question is not whether a temporary injunction should issue pending trial but whether a final and permanent injunction should issue without a trial. That difference in the nature and scope of the proceedings should make the courts more cautious in granting the relief requested and insistent upon an even stronger showing in a proceeding under the Penal Law than would be required for the issuance of a temporary injunction in an action.” (per Peek, J.)
The order should be reversed, with costs to the appellant, and the complaint dismissed.
Glennon, Cohn and Callahan, JJ., concur in decision; Shientag, J., dissents in opinion in which Peek, P. J., concurs.
Order affirmed, with $20 costs and disbursements to the respondent. No opinion. [197 Mise. 158.]