In the Matter of INDUSTRIAL PLANTS CORPORATION, Respondent, against INDUSTRIAL LIQUIDATING Co. INC., et al., Appellants.

First Department, November 15, 1955.

*Philip Novick* of counsel (*Seymour Stone* with him on the brief and attorney), for appellants.

*Irving Fox* for respondent.

BREITEL, J. P. This is a summary application under section 964 of the Penal Law for an injunction restraining the respondents to the petition from using the name " Industrial Liquidating Co. Inc." in their business of " industrial auctioneering, appraising and liquidating ". The order was granted at Special Term and respondents to the petition appeal. The order should be reversed and the application denied without prejudice to the bringing of a plenary action for appropriate relief.

Petitioner has the corporate name " Industrial Plants Corporation " and was organized in 1919 under the laws of the State of New York. It has its main place of business in Manhattan, and conducts industrial plant and machinery auctioneering, appraising and liquidating throughout the nation. It advertises extensively.

Respondent corporation is likewise organized under the laws of the State of New York, has its principal place of business in Manhattan and has so conducted its business only since 1952. Its corporate name is " Industrial Liquidating Co. Inc." It also is engaged in the business of industrial plant and machinery auctioneering, appraising and liquidating. It too advertises extensively and its advertisements, on inspection, bear a marked resemblance to the advertising of the petitioner Industrial Plants Corporation.

The impression is a strong one that the newer corporation has designedly sought to imitate the name and practice of the older corporation. This it denies, however. It claims that in the nature of this business the public is not deceived and the name that it bears is simply descriptive of the type of business engaged in, namely, that of industrial plant and machinery auctioneering, appraising and liquidating. It also argues that the use of the word " industrial " is merely descriptive and has not attained such a secondary meaning as to denote the specific enterprise conducted by the older corporation. Both parties have submitted affidavits of customers, the one to show confusion

by reason of the similarity of names and advertising, the other to show the absence of any confusion.

The issue in the case is whether on the averred facts, some contraverted as they are, petitioner is entitled to a summary order under section 964 of the Penal Law.

Section 964 makes it a misdemeanor for one with intent to deceive or mislead the public to assume the corporate, assumed or trade name of another.* The section also provides an alternative civil remedy. It authorizes the making of summary application for an injunction on five days' notice to restrain an actual or threatened violation of the statute. It contemplates a special proceeding designed to provide a summary method of preventing or terminating a species of fraud. When it properly lies it is not necessary to bring a plenary action or to serve formal process or pleadings. (*Matter of Julius Restaurant* v. *Lombardi*, 282 N. Y. 126.) The courts are empowered to adapt their proceedings to implement the statute, and the summary remedy may be obtained on affidavits alone and without the necessity of trial (*Association of Contr. Plumbers* v. *Contracting Plumbers Assn.*, 302 N. Y. 495). Consequently, the remedy may be invoked only when the right thereto is established in a clear and convincing manner, and it must be denied where basic factual allegations of violation are contraverted (*supra*, at

* Section 964 of the Penal Law reads as follows: " No person, firm or corporation shall, with intent to deceive or mislead the public, assume, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name, designation or style, or any symbol or simulation thereof, or a part of any name, designation or style, or any symbol or simulation thereof, which may deceive or mislead the public as to the identity of such person, firm or corporation or as to the connection of such person, firm or corporation with any other person, firm or corporation; nor shall any person, firm or corporation, with like intent, adopt or use as, or as part of, a corporate, assumed or trade name, for advertising purposes, or for the purposes of trade, or for any other purpose, any address or designation of location in the community which may deceive or mislead the public as to the true address or location of such person, firm or corporation. A violation of this section shall be a misdemeanor. Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby."

p. 498; *Matter of Alexander's Dept. Stores* v. *Cohen,* 295 N. Y. 557, revg. 269 App. Div. 117).

It is clear that the evidence to support an order under section 964 need not be beyond a reasonable doubt as would be required to convict for the misdemeanor provided in that section (*Matter of Overseas News Agency* v. *Overseas Press,* 183 Misc. 40, affd. 268 App. Div. 856). But, again, the evidence must be clear and convincing, and the basic averments must not be substantially contraverted. Indeed, the proof by affidavit and absence of factual issue must be tantamount to that which would authorize a summary judgment in an appropriate case under rule 113 of the Rules of Civil Practice (cf. *Association of Contr. Plumbers* v. *Contracting Plumbers Assn., supra,* and *Matter of Overseas News Agency* v. *Overseas Press, supra*).

In this case there are two elements present which prevent the obtaining of this summary remedy. The first is that material averments with respect to the intent to deceive and the likelihood of deceiving the public which deals with these firms are substantially contraverted. The second element in this case which suggests that a summary remedy should not be available is that the names used are clearly descriptive of the type of business in which both corporations are engaged. It cannot be said, viewing the contradictory affidavits alone, that the word " industrial " has attained such a secondary meaning as to disqualify any other than the first user from using the word in its corporate name. (*Matter of Industrial Lithographic Co.* v. *Miller,* 203 Misc. 299; cf. *Wholesale Supply Corp.* v. *Wholesale Bldg. Materials Corp.,* 280 App. Div. 189, affd. 304 N. Y. 854 [a plenary action].) In the *Industrial Lithographic* case a conflict of names, not too unlike those involved here, was present. The older corporation in that case used the name " Industrial Lithographic Co., Inc." and the respondent and newer corporation used the name " Industrial Offset Co." Issue was raised in the case as to whether lithograph and offset reproduction were similar or competitive. This distinguishes the case somewhat because in the instant case there is no dispute that both of the corporations are engaged in the same business. Nevertheless, in the *Industrial Lithographic* case, Special Term noted that the word " industrial " was a descriptive word in the common vocabulary and that no one had a monopoly on it; it declined to find on the affidavit submitted that the term " industrial " had acquired a secondary meaning which would preclude a later user by another.

This view should not mean, however, that the very beneficial summary remedy provided by section 964 should be unduly curbed. It will still lie where the respondent fails by affidavit to establish a true issue of fact. Bare denials will not be enough. Insubstantial or incredible averments will not be enough. But, once issues are tendered which would require a trial and the taking of proof for their resolution, then the summary order should be denied. The clearest cases warranting the issuance of a summary order, but by no means the only ones, arise when the name assumed by a second user is not a word in the English language but a contrived or coined word or, if a word in the common vocabulary, one not merely descriptive of the business but patently a trade name. (See e.g., *Matter of Bill's Gay Nineties* v. *Fisher*, 180 Misc. 721; *Matter of Fainblatt* v. *Leo Sportswear Co.*, 178 Misc. 760, and *Matter of Rayco Mfg. Co* v. *Layco Auto Seat Cover Center*, 205 Misc. 827.)

Petitioner, of course, may be entitled to the relief it seeks in a plenary action (see e.g., *National Tool Salvage Co.* v. *National Tool Salvage Industries*, 186 Misc. 833). Moreover, in a plenary action in equity the relief may be fashioned in less absolute terms than would be available under section 964. The two remedies are not to be confused (*Matter of Overseas News Agency* v. *Overseas Press*, 183 Misc. 40, affd. 268 App. Div. 856, *supra*; *Overseas News Agency* v. *Overseas Press*, 185 Misc. 1010, affd. 270 App. Div. 754).

Accordingly, the order granting the injunction should be reversed, without costs, and the application denied without prejudice, however, to petitioner to bring such other proceedings or action as may be appropriate. Settle order on ten days' notice.

BASTOW, BOTEIN, RABIN and BERGAN, JJ., concur.

Order granting the injunction unanimously reversed, without costs, and the application denied without prejudice, however, to petitioner to bring such other proceedings or action as may be appropriate. Settle order on ten days' notice.