In the Matter of FISCHER SPRING COMPANY, INC., Respondent, against EMANUEL M. FISCHER, Doing Business under the Name of CHAS. FISCHER SPRING Co. and/or E. M. FISCHER SPRINGS, Appellant.

First Department, May 7, 1957.

*Charles Trynin* for appellant.

*Herbert S. Meeker* of counsel (*Upham & Meeker,* attorneys), for respondent.

*Per Curiam.* An established intent to deceive is the controlling consideration in granting the summary remedy authorized by section 964 of the Penal Law restraining by injunction the use of a corporate or trade name.

This intent may be established by affidavit or by proof in other forms received by the court; but the summary relief should be granted only where there is no substantial controversy of fact. (*Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co.,* 286 App. Div. 568.)

The remedy being summary, the procedure supporting it does not allow room for the trial of controverted questions; and as the court noted in *Matter of Industrial Plants* (p. 570), " it must be denied where basic factual allegations of violation are controverted ".

Here there is a sharp issue between petitioner and respondent as to the use by respondent of the name in controversy; as to whether its use is reasonably to be deemed deceptive; as to whether it was intended to deceive; and as to a right of the petitioner to use it superior to that of respondent. These are not the kind of issues that readily admit of summary resolution.

The respondent's father, Charles Fischer, had in 1906 organized the Charles Fischer Spring Company, Inc. On his death in 1945 the respondent owned the corporation together with his brother. The brothers separated their business relations, and in 1948 the respondent organized a corporation called the E. M. Fischer Spring Company, Inc., using his own initials. This corporation, which is the petitioner here, was in competition with Charles Fischer Spring Company, Inc., as then continued by respondent's brother.

The E. M. Fischer Spring Company in 1956, at a time when respondent had discontinued any connection with or control of it, changed its corporate name to Fischer Spring Company, Inc., under which name it initiated this proceeding.

Respondent denies that he uses the name E. M. Fischer Springs, which includes his own initials but which seems to have been appropriated by petitioner when control of the petitioner corporation, organized in that name, passed from respondent. This issue of actual use of that name seems to be a triable

one; and it would include the effect, if any, on the right of either party to use " E. M. Fischer " as part of a trade or corporate name after petitioner had, in 1956, changed its corporate name to eliminate these initials.

Respondent concedes he uses " Chas. Fischer Spring Co." but contends he has a right to use that because of prior appropriations and usages in which petitioner corporation had no interest and which, indeed, was part of the name of the corporation once in competition with petitioner.

Respondent also disavows an intention to deceive and argues that the general public are not customers in the highly specialized spring business here involved, but its customers are a relatively few persons in the trade who know exactly the firms, personalities and products involved; and that in any event the names are not calculated to mislead.

All this, it seems to us, calls for adjudication in a plenary action.

We do not reach or pass upon the merits which we regard as fairly debatable; except that we note that the impression of merit to the petition drawn in *Matter of Industrial Plants* (p. 569) is not so readily to be adduced from this record.

The order of injunction should be reversed and the petition dismissed, with $20 costs, without prejudice to such other proceeding or action as may be appropriate.

BREITEL, J. P., BOTEIN, RABIN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements, to the appellant and the petition dismissed without prejudice to such other proceedings or action as may be appropriate.