Howard T. Hogan, J.
This is an application pursuant to section 964 of the Penal Law to restrain the respondents from using the name “ Colonial Furniture ” in their business.
“ Section 964 makes it a misdemeanor for one with intent to deceive or mislead the public to assume the corporate, assumed or trade name of another. The section also provides an alternative civil remedy. It authorizes the making of summary application for an injunction on five days’ notice to restrain an actual or threatened violation of the statute. It contemplates a special proceeding designed to provide a summary method of preventing or terminating a species of fraud. When it properly lies it is not necessary to bring a plenary action or to serve formal process or pleadings. (Matter of Julius Restaurant v. Lombardi, 282 N. Y. 126.) The courts are empowered to adapt their proceedings to implement the statute, and the summary remedy may be obtained on affidavits alone and without the necessity of trial (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495). Consequently, the remedy may be invoked only when the right thereto is established in a clear and convincing manner, and it must be denied where basic factual allegations of violation are contraverted (supra, at p. 498; Matter of Alexander’s Dept. Stores v. Cohen, 295 N. Y. 557, revg. 269 App. Div. 117).
“ It is clear that the evidence to support an order under section 964 need not be beyond a reasonable doubt as would be required to convict for the misdemeanor provided in that section (Matter of Overseas News Agency v. Overseas Press, 183 Misc. 40, affd. 268 App. Div. 856). But, again, the evidence must be clear and convincing, and the basic averments must not be substantially contraverted. Indeed, the proof by affidavit and absence of factual issue must be tantamount to that which would authorize a summary judgment in an appropriate case under rule 113 of the Buies of Civil Practice (cf. Association of Contr. Plumbers v. Contracting Plumbers Assn., supra, and Matter of Overseas News Agency, v. Overseas Press, supra).” (Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568, 570-571.)
*458 The parties to this proceeding have business establishments in Smithtown, New York. The petitioners have their store for the sale of furniture at 127 East Main Street and the respondents, also selling furniture, have two stores, one at 47 West Main Street and the other of which complaint is here made at 405 West Main Street. The petitioners have been in business at the named location since July, 1953. The respondents have been in business since 1950 at 47 West Main Street and since late 1956 at 405 West Main Street. Presumably in compliance with section 440-a of the Penal Law, there is displayed on the stores of the parties the legally registered trade name. There is no similarity in those names. But on the front of the 405 West Main Street store the word “ colonial ” appears and on the west side of said store the words “ Colonial Furniture ” appear.
It is the contention of the petitioners that the use of the quoted words was for the purpose of misleading prospective customers of the petitioners who might be entering Smithtown from the west on Routes 25 and 25A.
The evidence submitted is not sufficient to warrant the drastic relief sought. An issue exists with respect to the ‘ ‘ intent to deceive ”. The respondents aver that the placement of the objectionable words and the script used for the word “colonial” were the acts of an independent contractor. An affidavit from the contractor is submitted in corroboration of that statement. An issue also exists as to whether the respondents sold a considerable amount of “ colonial ” furniture prior to the opening of the 405 West Main Street store. And, above all, an issue exists with respect to the right of the petitioners to the exclusive use of the word “ colonial ” in the sale of furniture. Moreover, it is questionable whether the use of the word ‘ ‘ colonial ’ ’ in juxtaposition to the words ‘ ‘ Smithtown Furniture & Bedding Co.” with the latter words in large letters would be considered as likely to deceive the public into thinking the petitioners’ “ Colonial Furniture Shops ” was in business at the aforesaid site.
Accordingly, as issues exist which cannot be determined on affidavits alone, this motion is denied. This disposition is without prejudice to any plenary action for an injunction which the plaintiff may be advised to commence.
Settle order on notice.