Sidney A. Fine, J.
This is a special proceeding for an order, pursuant to section 964 of the Penal Law, granting petitioners injunctive relief.
It is well settled that a proceeding under section 964 (supra) may he successfully maintained only where (1) the respondent’s intent to deceive or mislead the public and (2) the possibility that such deception may result unless injunctive relief is granted, are established without substantial controversy (Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475). “ The proof by affidavit and absence of factual issue must be tantamount to that which would authorize a summary judgment in an appropriate case under rule 113 of the Rules of Civil Practice ” (Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568, 571). If no triable issue is raised, the summary remedy provided for in section 964 (supra) may be obtained on affidavits alone and without the necessity of trial (Association of Contr. Plumbers of City of N. Y. v. Contracting Plumbers Assn., 302 N. Y. 495, 498).
A triable issue is presented as to whether defendant Vaughan’s original adoption of the name “ Fiat Sales and Service ”, in June, 1947 was with intent to deceive or mislead the public, an intent required in order to make out a case for granting the summary remedy authorized by section 964 (supra) (to the extent that such remedy may be based on the original adoption). Vaughan submits an affidavit in which he swears that in the early part of 1947, prior to his filing, on June 27, 1947, of a certificate of doing business under the name “Fiat Sales and Service,” he was asked by petitioner, Fiat Societa per Azioni, to form a company to supply parts and service for Fiat cars and was authorized ‘1 to maintain the Fiat name in the United States as well as I could ’’ until “ Fiat could do business again in this country, and get its property back from the Alien Property Custodian”. Vaughan also deposes that he has done business with Fiat since that time; that he has sold and serviced many of its cars; and that *6 “ during all this time Fiat knew that one of the companies under which I was doing business was Fiat Sales and Service ” and that “ they never objected to the use of the name by me since I adopted it in 1947 until the early part of this year when I received from their attorney the letter set forth in the moving papers herein, asking me in effect to discontinue the use of the name which I refused to do Vaughan listed the name “ Fiat Sales and Service ” in the 1956-1957 alphabetical telephone directory for Manhattan and the 1957 classified telephone directory for Manhattan, both directories being issued in 1956. It was not until January 31, 1957 that Vaughan was requested, by letter dated that day, to cease using the name Fiat, in any manner, shape or form. A triable issue is also presented as to whether those listings, applied for prior to Vaughans’ receipt of the letter dated January 31, 1957, were made with intent to deceive or mislead the public or were made pursuant to Fiat’s permission to Vaughan to maintain the Fiat name in the United States as well as he could.
A different situation is, however, presented as to the period subsequent to Vaughan’s receipt of the letter of January 31, 1957. From that time on, it was made clear to Vaughan that he no longer had petitioners’ authority to continue to use the name fiat in connection with Vaughan’s automobile business. Vaughan had never acquired a permanent property right in the name. At most, crediting his version of what occurred, he had been temporarily allowed to use the name. Once the temporary permission was revoked, Vaughan’s continued use of the name fiat was a wrong to petitioners and could have as its purpose only the deception and misleading of the public into the erroneous belief that Vaughan was an authorized agent, dealer or affiliate of petitioners. Section 964 applies not only to the assumption of a name with intent to deceive, but also to the “use” of a name with like intent. It reads, in part: “ No person * * * shall, with intent to deceive or mislead the public, assume, adopt or use * * * any name * * * which may deceive or mislead the public”. (Italics supplied.) The section empowers the court to enjoin a person from “ assuming, adopting or using such name ”. (Italics supplied.) It appears, without contradiction, that Vaughan has been using the name fiat since early in February, 1957, without authority from petitioners and with the intent to deceive and mislead the public. It is also clear that such use may, and is indeed likely to, deceive and mislead the public. It follows that petitioners are entitled to enjoin further use by Vaughan of the name fiat in any manner whatsoever in connection with his business.
*7 The question remains whether petitioners are also entitled to compel Vaughan “to permanently cancel and surrender” the telephone number presently used by him by surrendering that number to the telephone company and instructing the company that his new number should not be given to persons calling his present number. Were it not for the fact that Vaughan’s present number is also listed in the telephone directories for a number of other trade names not using the name fiat (such as Singer Motor Sales, Peugeot Sales Service, Vaughan Motors, Vaughan Imported Oars, Inc.), the petitioners would clearly be entitled to the relief referred to in the preceding sentence. In view, however, of the fact that to grant such relief would mean that persons calling Vaughan’s present number as the result of his other listings (not using or involving the name fiat) would be left with no way of knowing Vaughan’s new number, the relief sought is too harsh, in the light of the fact that Vaughan did not affirmatively request the renewal of the. telephone listings since receiving the letter of January 31, 1957, but merely failed to cancel them. The relief as to the telephone listings will be limited to directions to Vaughan (1) to cancel his present number, (2) to notify the telephone company, forthwith, to cancel his fiat listing in the next classified directory, which notification must be received by the telephone company by August 9, 1957 to prevent automatic renewal, (3) to forthwith notify the telephone company to cancel his fiat listing in the next alphabetical directory to be issued, and (4) to notify all persons calling his new number and inquiring about fiat cars or service that he is not an agent, distributor, representative or affiliate of the fiat companies.
The motion is granted to the extent indicated. This disposition is without prejudice to a plenary action for the more extensive relief herein sought, viz., a direction to the telephone company not to give Vaughan’s new number to persons calling his present number. If, in such plenary action, the present petitioners establish that Vaughan did not, in fact, ever receive permission to use the name fiat, it may be that the court would grant the additional relief herein sought but not awarded in this summary proceeding.
Settle order.