J. Vincent Keogh, J.
In this application for injunctive relief pursuant to the provisions of section 964 of the Penal Law, petitioners move for an order forever restraining and enjoining the respondents from using the name and phrase “ SteriClean Diaper Company, Inc.” and the trade-mark or symbols *920 “ Steri-Clean,” or any related names or phrases in connection with the phrase “ Diaper Company ” and for an order directing respondents to remove the said name or names from their vehicles, supplies, diapers, stationery and other equipment, and from telephone directories and other advertising matter.
The petition reveals that petitioners have operated a diaper service under the firm name and style of “ Sterilized Diaper Service ” for a period of some 16 years. During this time petitioners have, according to their allegations, built up a profitable diaper service business operating in several counties of the metropolitan area. Approximately two years ago the respondents General Diaper Service Corporation and Associated Baby Service, Inc., which have been in a similar business as long as, if not for a longer period than petitioners, incorporated the respondent Steri-Clean Diaper Company, Inc., to test whether there was a market, as they claim, for a deluxe diaper service in the metropolitan area designed only to attract a limited number of parents willing to pay a higher price for a more expensive and luxurious type of diaper service than offered by them or any other diaper service company. The “ SteriClean ” operation has been conducted by the respondents, as claimed by them, as a completely separate operation in one county of the metropolitan area. It is the use of this name “ Steri-Clean ” by respondents in connection with its special diaper service business that petitioners now seek to enjoin. It is argued by the petitioners that by dint of hard labor, the expenditure of large sums of money in the establishment and expansion of their business, by extensive and widespread advertising, by personal contact and by the rendering of an efficient, hygienic, unique and outstanding service, the petitioners have given to the name “ Sterilized Diaper Service ” the connotation that it applies exclusively to the petitioners’ firm. That the respondents by the adoption and use of the corporate names “ Steri-Clean Diaper Company, Inc.” did so with the intent and calculation to mislead, deceive and confuse the public as well as the customers and potential customers of the petitioners. These allegations are categorically denied by respondents who contend that in no way is there any conflict or confusion in the use of the names and that, in any event, petitioners in the use of their name did not acquire such a secondary significance which would permit them to “ arrogate to themselves the word ‘ Sterilized ’ in an industry where the sterilization process is so important.” Other than conclusory and argumentative statements no other proof or evidence has been submitted by the petitioners.
*921 The statute, so far as pertinent, provides: “No * * * corporation shall, with intent to deceive or mislead the public, assume, adopt or use as * * * a corporate * * * name, for advertising purposes, or for the purposes of trade, or for any other purpose, any name * * * or a part of any name * * * which may deceive or mislead the public as to the identity of such * * * corporation or as to the connection of such * * * corporations with any other * * * corporation ”.
In Association of Contr. Plumbers v. Contracting Plumbers Assn. (302 N. Y. 495, 498) the court, in discussing the summary effect of the statute stated: ‘ ‘ When the Legislature enacted section 964 of the Penal Law, it provided a new and summary proceeding not heretofore available by which an aggrieved party in a proper case, could obtain speedy and drastic relief without the delays incident to a plenary action (Matter of Julius Restaurant v. Lombardi, 282 N. Y. 126). This is not to say, however, that compliance with basic evidentiary rules may be dispensed with. The very nature of the remedy — a permanent injunction — to be had without a trial on affidavits alone — requires that it be invoked only when the right thereto is established in a clear and convincing manner. Where basic factual allegations of violations are controverted summary relief may be denied (Matter of Alexander’s Dept. Stores v. Cohen, 269 App. Div. 117, revd. 295 N. Y. 557).”
The court further stated (pp. 501-502): “ The wrong is in the use with intent * * * [and] The summary relief authorized should be invoked only when there is conclusive evidence of intent 1 to deceive and mislead the public ’.”
In prior decisions such as Matter of Agash Refining Corp. v. Gash (182 Misc. 309, 311) is was held: “ Before a remedy so summary and sweeping is granted, the proof in support of the application should be clear and convincing that the statute is or may be violated or that the public is in present danger of harm through deception” (citing Matter of Bill’s Gay Nineties v. Fisher, 180 Misc. 721; see, also, Matter of Overseas News Agency v. Overseas Press, 183 Misc. 40, affd. 268 App. Div. 856 and Matter of Murray v. Roedel, 196 Misc. 233).
While the statute does not require proof that any person has in fact been deceived or misled, the likelihood that reasonable persons will be misled is required to be established. As was held in Matter of Industrial Plants Corp. v. Industrial Liquidating Co. (286 App. Div. 568, 570-571): “ the remedy may be invoked only when the right thereto is established in a clear and convincing manner, and it must be denied where basic *922 factual allegations of violation are controverted [Association of Contr. Plumbers v. Contracting Plumbers Assn, supra, at p. 498; Matter of Alexander’s Dept. Stores v. Cohen, 295 N. Y. 557, revg. 269 App. Div. 117]. It is clear that the evidence to support an order under section 964 need not be beyond a reasonable doubt as would be required to convict for the misdemeanor provided in that section (Matter of Overseas News Agency v. Overseas Press, 183 Misc. 40, affd. 268 App. Div. 856). But, again, the evidence must be clear and convincing', and the basic averments must not be substantially controverted. Indeed, the proof by affidavit and absence of factual issue must be tantamount to that which would authorize a summary judgment in an appropriate case under rule 113 of the Buies of Civil Practice (cf. Association of Contr. Plumbers v. Contracting Plumbers Assn., supra, and Matter of Overseas News Agency v. Overseas Press, supra).”
When that is established a case for summary relief is made out. Here, however, the proof falls short of such a showing. The record herein presents issues of fact impossible of determination on conflicting affidavits and a eonclusory statement that the change in the respondent’s name was calculated and likely to deceive and mislead the petitioner’s customers, potential or otherwise. There is no positive factual proof indicating a violation of the subject section or any inference to be drawn that the assumption by the respondent Steri-Clean of its present name was calculated to secure business upon the goodwill and standing of the petitioners. Under these circumstances a permanent injunction under the highly penal provisions of section 964 of the Penal Law should not issue without the presentation of the testimony of witnesses given in court and attended by all the safeguards including the right of cross-examination and compulsory production of evidence with which the law protects the rights of litigants. This is particularly true where the statute, as it does here, requires that an 1 ‘ intent to deceive” the public must exist before an injunction may issue, and such intent must be established without any substantial controversy of fact (Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475).
Accordingly, the petition is dismissed.
Settle order on notice.