■ In the Matter of LYKENS HOSIERY MILLS, INC., Respondent, against ELDER HOSIERY MILL, INC., et al., Respondents, and BARNARD HOSIERY CO., INC., Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered July 14, 1959, which granted a motion by petitioner for an injunction pursuant to section 964 of the Penal Law.

MEMORANDUM BY THE COURT. Order granting petitioner's application for an injunction, pursuant to section 964 of the Penal Law, dated July 14, 1958, reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to respondent-appellant, and the petition dismissed, with $10 costs. The right to an injunction under the summary procedure afforded by section 964 of the Penal Law must be "established in a clear and convincing manner" (*Association of Contracting Plumbers* v. *Contracting Plumbers Assn.*, 302 N. Y. 495, 498). Thus, the proof submitted in support of an application for such drastic relief must be such as to show that there are no real issues of fact to be tried with respect to the guilty intent of the party sought to be enjoined and the probability of deception (*Matter of Playland Corp.* v. *Playland Center,* 1 N Y 2d 300). We conclude that the petitioner has failed to sustain such burden and therefore has not clearly and convincingly demonstrated its right to the relief it seeks. There is insufficient proof that the public will be deceived or misled as to the identity of the appellant

vis-a-vis the petitioner — the avoidance of confusion being the primary objective of section 964 of the Penal Law (*Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co.*, 286 App. Div. 568). Moreover, there is also a question as to whether there is present the likelihood of deception of the public as to products. The respective packages used by the parties are sufficiently dissimilar so that we may not conclude, without more, that those of the appellant are likely to be mistaken for those of the petitioner. Nor is it clear whether the word "Thermol" as used in connection with the word "Sox" is merely descriptive of the nature and function of the article or has acquired such a secondary meaning as would bar its use by the appellant (See *Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co., supra*). Of course, we do not pass upon whether or not the petitioner is entitled to relief in a plenary action. We merely hold that the strict requirements necessary for the granting of summary relief under section 964 of the Penal Law have not been met.

McNALLY J. (dissenting). I dissent and vote to modify the order. It does not appear that the words "Thermal" or "Thermol" have attained a secondary meaning. In my view, however, due to the similarity of packaging, the likelihood of deception of the public is present. The appellant does not effectively negate the intent to deceive but rather relies on the descriptive character of the words "Thermal" or "Thermol". Accordingly, I would limit the injunction to the use of the petitioner-respondent's script, style and design of the word "Thermal" or "Thermol" and the use of the representation of a bear in any manner. The appropriation of the petitioner's script, style, design and format with intent to deceive may and should be enjoined under section 964 of the Penal Law. (*Matter of Playland Holding Corp.* v. *Playland Center*, 1 N Y 2d 300.)

Botein, P. J., Breitel, Rabin and Stevens, JJ., concur in memorandum; McNally, J., dissents in part in opinion.

Order granting petitioner's application for an injunction, pursuant to section 964 of the Penal Law, dated July 14, 1958, reversed, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to respondent-appellant, and the petition dismissed, with $10 costs.