Jacob J. Schwartzwald, J.
Defendants, appearing specially, move to set aside the service of the summons and complaint herein, on the ground that the said summons and complaint in an action for breach of contract was not personally served on them but was delivered to their attorney while arguing a motion in this court in a prior special proceeding under section 964 of the Penal Law to restrian and enjoin respondents (plaintiffs here) from using the name “ Mt. Everest Strawberry Co. Inc.”.
In opposing the instant motion, plaintiffs concede the manner of service and that defendants are nonresidents of the State of *391 New York but contend that by initiating the proceeding under the Penal Law {supra), they brought themselves within the provisions of section 227-a of the Civil Practice Act, thereby designating their attorney appearing in such proceeding as their agent to receive service of process. As here pertinent, section 227-a provides: “ The commencement of any action or proceeding in any court of this state by any person not residing in this state shall be deemed a designation by such non-resident person of the attorney appearing in such action or proceeding for such non-resident person as his agent to receive, during the pendency of such action or proceeding, service of process in any court of this state for the determination of any cause of action or claim asserted, either separately or along with any other person or persons, by any person named as a defendant or a respondent in the action or proceeding so brought, against such non-resident either separately or along with any other person or persons, provided the cause of action or claim is one which could have been interposed by way of counterclaim had the action or proceeding been brought in the supreme court.”
It is not disputed or denied that defendants here, as petitioners, initiated the prior proceeding in the manner and under the authority of section 964 of the Penal Law, that is, by a notice of motion and verified petition. As here pertinent, this section of the Penal Law provides, in part, as follows: “ Whenever there shall be an actual or threatened violation of this section, an application may be made to a court or justice having jurisdiction to issue an injunction, upon notice to the defendant of not less than five days, to enjoin and restrain said actual or threatened violation; and if it shall appear to the satisfaction of the court or justice that the defendant is in fact assuming, adopting or using such name, or is about to assume, adopt or use such name, and that the assumption, adoption or use of such name may deceive or mislead the public, an injunction may be issued by said court or justice, enjoining and restraining such actual or threatened violation without requiring proof that any person has in fact been deceived or misled thereby.”
The objections to the granting of this motion are grounded on plaintiffs’ contention that the prior proceeding was an action, albeit instituted pursuant to section 964. With such contention the court cannot agree. On this issue the Court of Appeals in Matter of Julius Restaurant v. Lombardi (282 N. Y. 126) stated at page 128: “ Does section 964 of the Penal Law contemplate a special proceeding designed to provide a summary method of preventing or terminating a species of commercial fraud *392 involving the use of a name where no action has been instituted by the service of a summons and complaint? We are of the opinion that it does.”
In distinguishing the proceeding from the ordinary case, the court stated at page 130: 1 ‘ The statute in question provides that 1 an application may be made * * * upon notice * * * of not less than five days. ’ There is no established canon of construction from which it follows that five days’ notice means twenty days in which to answer, as is provided by the Civil Practice Act in ordinary actions. Further, that ‘ an application may be made ’ is contrary to the idea that a summons and complaint are required.”
Since the conclusion is evident that the proceeding under the Penal Law was not an action, plaintiffs here could not have interposed a counterclaim thereto. (See Matter of Overseas News Agency v. Overseas Press, 183 Misc. 40, affd. 268 App. Div. 856; Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475.) Therefore the provisions of section 227-a may not here be employed to validate the service on defendants’ attorney. The motion is accordingly granted.