Lawrence H. Cooke, J.
This is an application pursuant to section 964 of the Penal Law to restrain respondent from using the names “ Troy Glass Co.”, “ Troy Plate Glass Co.”,<£ Green-berg’s Troy Plate Glass Co.”, “ Troy Window & Glass Co.”, “ Troy Glass & Mirror Works ”, “ Troy Glass & Metal Go.”, any other variation, simulation or approximation of such names and any combination of the words “ Troy ” and “ Glass ”.
It appears from the papers presented: that respondent is the son of Samuel Greenberg who conducted a glass business under the name of “ Troy Plate Glass Co.” at 428-430 River Street, Troy, New York, for approximately 40 years until his death on April 3,1959; that the father willed the business to his wife, the mother of respondent, who on April 28, 1959 filed a certificate *455 that Samuel Greenberg has discontinued doing business under the name of “ Troy Plate Glass Co.” and also a certificate that she was doing business under said assumed name; that on November 22, 1960 the mother was adjudicated a bankrupt and on July 27, 1961 the trustee sold to one Oadan certain assets of the bankrupt estate, the notice to creditors referring, among other things, to 1 ‘ certain items of personal property used in the business of the above named bankrupt ’ ’ and, after listing certain specific items of property, the words “ and all other incidental and miscellaneous items of property ’ ’ were used; that on or about July 27,1961 respondent purchased from Cadan the ‘ ‘ merchandise, equipment and good will of the Troy Plate Glass Co., as sold by the Trustee in Bankruptcy”; that on January 9, 1962 respondent caused to be filed in the Rensselaer County Clerk’s office certificates for the assumed business names of “Greenberg’s Troy Plate Glass Co.”, “Troy Glass Co.”, “ Troy Window & Glass Co.”, “Troy Glass & Mirror Works ”, “Troy Glass & Metal Co.” and “Tri-City Plate Glass Co.”; and that respondent is now operating his business at the same location as that used by his father with the same signs used by the elder Greenberg and reading “ Troy Plate Glass Co.”
It also appears that on August 30, 1961 petitioners (who are the officers and principal stockholders of Bakerian & Palmer Glass and Mirror Co., Inc., a corporation engaged in the glass business since 1955 and operating from an address in Watervliet) caused to be filed in the Albany County Clerk’s office a certificate of doing business under the assumed name of “ Troy Plate Glass Company”; and that petitioners have advertised by different methods under the name ‘ ‘ Troy Plate Glass Company ”, including a line insertion under the said assumed name in the yellow pages of telephone directories.
Although petitioners indicate that they have used the name of “ Troy Plate Glass Company ” on pencils, calendars and in the telephone directories, it is significant to note that there is no factual showing in the papers submitted that they have otherwise used it in operating their business such as on signs at their place of business or on trucks, business stationery, tax returns, insurance polices, bank accounts, bids and the like. By the same token, the fact that respondent did not file a certificate for the assumed name of “ Troy Plate Glass Co.” is -of interest.
Section 964 of the Penal Law makes it a misdemeanor for a person or corporation, with intent to deceive, to use a name for advertising or other purposes which may mislead the public as to the identity of the party using it and the statute also provides an expeditious civil remedy for an actual or threatened *456 violation of its terms. Dispensing with the necessity for a plenary suit, a special summary injunction proceeding is sanctioned, in which a determination may be reached on affidavits alone but, ¡since the proceeding is summary in nature, the right to an injunction must be established in a clear and convincing manner (Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300, 303; Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495, 498). The assumption or use of a name, to be a violation and to entitle petitioner to the summary relief provided by the statute, must be with intent to deceive or mislead the public (Matter of Overseas News Agency v. Overseas Press, 183 Misc. 40, 42, affd. 268 App. Div. 856; Chapron v. Bonkenberg, 212 N. Y. S. 2d 133, 135-136), intent to deceive or mislead the public being an essential element of the wrong (Association of Contr. Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495, 501, supra). The summary relief should be granted only where there is no substantial controversy of fact (Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475, 476) and the showing that is required to be made in support of the application is similar to that required to be made on a motion for summary judgment (Matter of Dunkin’ Donuts of America v. Dunkin Donuts, 8 A D 2d 228, 230; Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568, 571).
Here, the papers submitted reveal a substantial controversy as to whether respondent acquired the title or right to the use of the name of “Troy Plate Glass Co.” from the transferee of the trustee in bankruptcy. Respondent’s transaction with the purchaser from the trustee provides some basis for a claim of justification with respect to the names in question and tends to negate an intention to deceive the public. There is a question as to whether the intention to deceive and mislead the public is on the part of petitioners or respondent.
Petitioners’ application is denied, without prejudice to such other proceeding or action as petitioners may see fit to institute.