David Kusnetz, J.
This is a summary application under section 964 of the Penal Law for an injunction restraining the respondent from using the name “ Lilco ” or any simulation, derivation or approximation thereof in connection with its business. The petitioner is a public service corporation organized in 1910 and services all of Nassau and Suffolk Counties and the Rockaway Peninsula in Queens County. In addition to the sale of gas and electricity, petitioner also sells a wide variety of appliances for use in homes and in industrial and commercial establishments. For some period of time, the petitioner has been using in connection with its business the name “ Lilco ”, a contraction of the first letters of the first three words of its corporate name and of the first two letters of the last word. Petitioner has spent a considerable sum of money for advertisting and has used the name ‘ ‘ Lilco ’ ’ in connection therewith. In addition, petitioner conducts an extensive educational program in promoting the sale of its products and plumbers and dealers who successfully complete the program are authorized to use the designation “ Lilco certified Plumber-Dealer ”. The respondent was incorporated in October, 1955, and conducts its business at Westbury, Nassau County, New York. It is presently offering for sale to the public 100,000 shares of stock and is distributing an offering circular in connection therewith. It is also distributing a circular which describes the products sold by the respondent. Both circulars contain the word “ Lilco ” in large letters, and “ Mfg. Corp.” in much smaller letters contained within the block of the first L in “ Lilco ’ ’.
Because of its use over a period of time, the large amount of money expended in advertising, and its use by newspapers in referring to the petitioner, ‘1 Lilco ’ ’ has become practically synonymous with Long Island Lighting Company. The respondent denies that its purpose in using the name was to confuse the public or to appropriate the good will and prestige of the petitioner. Respondent states that it chose the name by combining an abbreviation of Lillian, the name of the wife of respondent’s president and principal stockholder, with an abbreviation of the word company.
*780 The clearest cases warranting the issuance of a summary judgment, and by no means the only ones, arise when the name assumed by a second user is not a word in the English language but a contrived or coined word or, if a word in the common vocabulary, one not merely descriptive of the business but patently a trade name (Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568).
The motives which induced the naming of the respondent were and are intended to cause confusion and to deceive and mislead the public. The petition is sustained and the application for an injunction is granted.
Submit order.