Charles J. Beckinella, J.
The parties herein each petition this court pursuant to section 964 of the Penal Law to restrain the other from using names in their businesses which were allegedly adopted to deceive and mislead the public as to the identity of such firms. For the purposes of clarity, the petitions will be hereinafter designated as petition No. 1 and petition No. 2.
In petition No. 1 it is urged that the petitioners have been using the name Nu-Miracle Carpet Cleaning Co. since 1949 in connection with the cleaning of rugs, carpets, curtains, draperies and slip covers; that since 1931 the said name was used by its predecessors in interest from whom they bought the title and interest in 1949; that throughout the years they have spent thousands of dollars in advertising and developed a business in which they serve over 18,000 customers who rely on their reputation and good will. It is also alleged that the respondent is engaged in the general cleaning business and in early 1957 caused to be inserted in the list of telephone numbers in Brooklyn the name New Miracle Carpet Cleaners and Nu-Miracle Carpet Cleaners and thereafter asserted to customers of petitioners who called the respondent’s number that the respondent was conducting petitioners’ business; that the adoption of the said name by the said respondent was with the intent and purpose of deceiving and misleading the public. The respondent admits the use of the name New Miracle Carpet Cleaners and states that it is done for the purpose of giving the petitioners “ a taste of its own medicine.” The respondent asserts that *182 over many years and considerable expense and advertising he has built a reputation in the cleaning business under the trade names of Famous Cleaners, Famous Carpet Cleaners and Famous Curtain Cleaners; that in October, 1955 the petitioners purchased a small cleaning operation which had been conducted under the name of Famous Oriental Bug & Carpet Cleaning Co. and advertised that the latter was one of its subsidiaries; that the petitioners inserted ads in the classified red book emphasizing the word ‘ ‘ Famous ’ ’ with the words “ The Original” thereunder and listed in the telephone directory the name Famous Carpet Cleaning Co. under the petitioners’ phone number. It is further asserted by the respondent that he believed that if petitioners experienced the same difficulties and hardships which they inflicated upon him a compromise could be effected where there would be mutual forbearance and accordingly he adopted the name of New Miracle Carpet Cleaners.
Section 964 of the Penal Law under which this proceeding is brought provides a summary remedy by injunction to prevent the misleading or deception of the public as to the identity of a person, firm or corporation (Matter of Rayco Mfg. Co. v. Layco Auto Seat Oover Center, 205 Misc. 827). The right to an injunction must be “ established in a clear and convincing manner ” (Association of Contracting Plumbers v. Contracting Plumbers Assn., 302 N. Y. 495) and will lie where the respondent fails to establish a true issue of fact (Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568).
It is clear from the respondent’s admissions that the petitioners’ name was deliberately taken for the purpose of creating confusion and to deceive. No issue of fact is created by the respondent setting forth his motives in justification (Florists’ Tel. Delivery Assn. v. Florists’ Tel. Delivery Assn., 124 N. Y. S. 2d 57). Nor is the doctrine of unclean hands, assuming arguendo that it is applicable to a proceeding of this nature, available to the respondent under the facts set forth. The violations, if any, by the petitioners in using a name similar to the name used by the respondent is a matter separate and apart from the improper use by the respondent of the petitioners’ name. Accordingly, petition No. 1 is granted.
In petition No. 2 the respondent of petition No. 1 is one of the petitioners. Petitioners herein also seek relief under section 964 of the Penal Law alleging the matter set forth above as a defense to petition No. 1. The names used by the petitioners are Famous Curtain Cleaners, Famous Cleaners and Famous Carpet Cleaners. The names used by the respondents in this proceeding are *183 Famous Oriental Bug & Carpet Cleaning Co. and Famous Carpet Cleaning Co. The answer to the petition which in itself is a cross petition to enjoin the petitioners of this proceeding from using the word “Carpet” in conjunction with the word “ Famous ” alleges that the respondents purchased in 1955 the Famous Oriental Bug & Carpet Cleaning Co. from one Anna Swidler who, through herself or her husband, had been operating the said business since 1912 under one of the following names: Famous Bug Cleaners, Famous Oriental Bug Cleaners, Famous Oriental Carpet Cleaning Co. and since 1950, Famous Oriental Bug & Carpet Cleaning Co. In addition thereto, in 1952 Mr. Swidler adopted the name Famous Carpet Cleaning Co. and had listed the said name in the telephone directory since 1953. It is further asserted that the petitioners first adopted the name Famous,Carpet Cleaners in 1956 and that the respondents have used the word “ Famous ” prior to the petitioners or any of its predecessors and has been using the word “ Carpet ” in conjunction with the word “ Famous ” for over 20 years.
As indicated above, the right to relief under section 964 of the Penal Law must be established in a clear and convincing manner and will be granted only where there is no substantial controversy of fact. Here, there is a sharp issue of fact with respect to petition No. 2 and its cross petition, whether the use of the names was intended to deceive and as to the right of either of the parties to use the names superior to the other. “ These are not the kind of issues that readily admit of summary resolution.” (Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475, 476.) Accordingly, petition No. 2 and its cross petition are dismissed, without prejudice to such other proceeding or action as may be appropriate. The motion to consolidate petition No. 1 with petition No. 2, having thus become academic, is denied.
Settle order on notice.