Benjamin Brenner, J.
Petitioner moves, pursuant to section 964 of the Penal Law to permanently enjoin the respondent from using the name “Locality Mayors of New York State, Inc.” or any simulation, derivation or approximation thereof in connection with its activities.
Petitioner alleges that it is a membership corporation, having been organized in August, 1931 by a group of men of an unusually high-minded and philanthropic nature, banded together *362 to assist unfortunates in their troubles; that these endeavors commenced in 1905 and as the group’s work grew in stature and dignity a certificate of incorporation was filed in 1931 in the office of the Secretary of State, setting forth its objective to maintain an organization for the performance of charitable, philanthropic and civic work and to affiliate and participate with other organizations and individuals with similar aims; that it has attracted to its ranks some of the City of New York’s most prominent men and it numbers many charities as recipients of its gifts.
It is further alleged that the certificate of the respondent corporation, which was approved on May 29, 1957 by a Justice of this court, has for its purposes the holding of social functions for the social benefit of the members, their relatives and friends, the promotion and advancement of the interest of its members, morally, socially and intellectually, and the fostering of good fellowship and friendship among members; that although these are its stated objectives, it holds itself out as a charitable organization, as evidenced by an article in the New York World-Telegram on January 20, 1958 entitled “ Local 1 Mayors ’ Plan State-Wide Charities ’ ’ in which it is set out that ‘ ‘ The charitable group [respondent] plans to extend itself * from Buffalo to Montauk Point ’ according to its temporary chairman It is then asserted that the respondent’s use of the name it adopted is simply to deceive the general public and for the expectation that an advantage would result to it by reason of the confusion of corporate identities.
The respondent asserts that it was organized by a group of men who are members of the “ Old Time Locality Mayors Association,” successor to “ Old Time Locality Mayors, Inc.,” which was incorporated on May 6, 1940; that by reason of the failure of the Old Time Locality Mayors, Inc. to file a “ certificate of report of existence,” as required by section 57 of the Membership Corporation Law, on or before June 15, 1952, the corporation was deemed dissolved; that thereafter the exact name was adopted by a corporation which filed a certificate of incorporation on January 27, 1956; that then the men who now comprise the membership of the respondent corporation decided to form the respondent corporation, and in view of the fact that numerous requests for affiliation had been received from individuals residing in other parts of New York State, it was decided that the activities of the group should be extended and hence the corporate name “Locality Mayors of New York State, Inc.” was adopted; that respondent and the Old Time Locality Mayors never held themselves out to the public as *363 being in any way connected or affiliated with the petitioner; that it is not a charitable corporation but that any charity with which the respondent may be affiliated is the nnpublicized and private charity on the part of its individual members.
Section 964 of the Penal Law, under which this proceeding is brought, provides a summary remedy to prevent the misleading or deception of the public as to the identity of a person, firm or corporation (Matter of Snyder v. Kramer, 10 Misc 2d 180). This newly enacted summary proceeding, however, may be invoked only after a clear and convincing right thereto has been established, as indicated in Association of Contr. Plumbers of City of N. Y. v. Contracting Plumbers Assn. of Brooklyn & Queens (302 N. Y. 495), where the court stated (p. 501) that the “wrong” to be righted “is in the use with intent ” and concluded (p. 502) that the “ summary relief authorized should be invoked only when there is conclusive evidence of intent 1 to deceive and mislead the public’.” It is thus clear that mere similarity of names does not in and of itself give rise to a right to summary relief under section 964 of the Penal Law.
The basic allegation in the petition, that the respondent adopted its name with intent to deceive the general public, is sharply disputed. In addition to the respondent’s allegations referred to above, it is alleged by the respondent that it has “ been overly careful to refute and deny any implications that there was any connection with the other group.” This issue does not lend itself to a summary disposition on conflicting affidavits. The importance of a disposition based on customary trial procedure is apparent for nonelected neighborhood mayors appear to have acquired some status in the public eye, and by some uninformed persons might even mistakenly be regarded as clothed with authority competitive with that of duly elected mayors. Whether or not a profusion of locality mayors is good for the people, there is no positive factual proof of a violation of section 964, nor can any inference be drawn that the adoption by the respondent of its name was calculated to deceive the public. Hence the grievance, the merits of which are not passed upon herein, calls for adjudication in a plenary action.
The petition is dismissed without prejudice to such other proceeding or action as may be appropriate.
Submit order.