Benjamin Brenner, J.
Petitioner, generally known as Bargain Town, moves to summarily enjoin respondent from the use of the name Bargain-Time, by which name the latter is also generally known. The application is made pursuant to section 964 of the Penal Law because of the similiarity in the sounding of these names. It is the petitioner’s claim that such similarity is a deception of the purchasing public in the retail discount field. It also stresses the great disparity in the size or bigness of the respective businesses.
The petitioner is at times known as Bargain Town, U. S. A. and the “ U. S. A.” is at such times displayed in a shield. Its advertisements are in type printing with curlicues. The respondent’s name also appears in its advertisements as Bargain-Time Stores. These are in block letters and, on occasion, a clock is displayed below the word “ Time ”. The form of the respective advertisements of each is therefore not always consistent with its own or that of the other party’s. According to the respondent, three of its stores are 4, 6 and 15 miles respectively from petitioner’s Brooklyn store and its Jamaica and Harlem stores are 20 and 25 miles respectively therefrom. Petitioner’s Long Island store is reached by a highway which also leads to respondent’s Jamaica store. The estimated gross annual business of the petitioner in the metropolitan area is $25,000,000, while the respondent’s annual gross in all of its five stores total $145,000. Petitioner’s payroll approximates $35,000 weekly, and the respondent’s is some $1,300 weekly. The petitioner has expended about $1,000,000 in advertising to build its six-year old enterprise and to popularize its name, while the respondent only within the last year opened all of its stores. Both businesses are known as discount houses and all the merchandise sold by the respondent are also sold by the petitioner, as the latter carries a much larger line of goods. The moving papers contain a bill for an advertisement by the respondent, sent in error to the petitioner, which incidentally, omits the respondent’s distinctive clock design.
The use of the word “ bargain ” as the first part of a business name is not unique in the metropolitan area. In the retail discount business its use is particularly desirable and, indeed, understandable. The question is, does such use by the respond *684 ent of the word “bargain” which, when it is spoken in combination with another word, is heard to be so similar to that of petitioner’s name that when thus used in the distinctive field of retail discount merchandising it clearly and convincingly establishes a violation of the statute. It is to be borne in mind that the proceeding under the statute provides a speedy remedy without plenary action so that it may not be invoked unless the right thereto is established in a clear and convincing manner (Association of Contr. Plumbers of City of N. Y. v. Contracting Plumbers Assn. of Brooklyn & Queens, 302 N. Y. 495; Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300; Matter of Lykens Hosiery Mills v. Elder Hosiery Mill, 11 A D 2d 664; Matter of New York League of Locality Mayors v. Locality Mayors of N. Y. State, 12 Misc 2d 361). If basic factual allegations of violation of the statute are controverted, the relief may be denied (Matter of Industrial Plants Corp. v. Industrial Liquidating Co., 286 App. Div. 568; Matter of Fischer Spring Co. v. Fischer, 3 A D 2d 475). But a bare denial of intent to mislead or deceive will not bar injunctive relief (Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300, supra). Hence, the key to the relief is intent to deceive and to mislead the public. This intent may be ascertained from objective facts (Matter of Rayco Mfg. Co. v. Layco Auto Seat Cover Center, 205 Misc. 827).
The cited cases do not set a precise test nor do they fix any particular standard in viewing such objective facts. Thus, an injunction was granted in Playland (supra) because of the respondent’s display of a similar name and symbol on a sign erected on a road leading to the petitioner’s place of business, and in Matter of Long Is. Lighting Co. v. Lilco Mfg. Corp. (3 Misc 2d 778, affd. 3 A D 2d 766), the court enjoined respondent from cashing in on the prominence of the petitioner’s name and size. In Matter of Hebrew Nat. Kosher Sausage Co. v. Hebrew Kosher Co. (143 N. Y. S. 2d 306, 308, appeal dismissed 1 A D 2d 776), the injunction was predicated upon the ground that “ selection of a name so closely similar to the name of the petitioner, when hundreds of similar names might have been selected, carries with it the implication that the intention is to deceive the public by falsely indicating an apparent use of petitioner’s products.” However, an injunction was denied in Matter of Alexander’s Dept. Stores v. Cohen (295 N. Y. 557), not only because of differing locations of business operation but because persons trading with the parties were not likely to be deceived precisely because of the vast disparity in size and operation of the two businesses in different counties.
*685 It is therefore clear that the critical question of intent to deceive must be judged by the impact of the objective facts upon the buying public. The very reason given in the Alexander case for denial of relief is appropriate for the granting of the relief on the facts involved in the case at hand. The vast disparity in the size of the respective parties, which indicated nondeception in the Alexander case, points to the contrary in the case at hand because of the peculiar nature of the discounting operation of the parties here. The name of the well-established discount house operated by petitioner Bargain Town in Brooklyn represents a considerable drawing asset which is undoubtedly sought after by the respondent Bargain-Time in its several small shops in the same county. The mind of the occasional customer, not frequently dealing with either party, might quite readily be misled by the similarly sounding names, particularly if on some previous occasion he was impressed by the petitioner’s prominence and discount advantages; such a customer, and there may well be many of them, who finds himself in a Bargain-Time store may indeed believe that he is receiving the bargain which he had previously heard was possible at a Bargain Town store. I believe, as the courts did in Long Is. and Hebrew (supra) that this respondent, which makes a point of its smallness (though it undoubtedly is reaching out to attain the prominence of the petitioner) is seeking to mislead discount purchasers by its use of petitioner’s similar sounding name and that it could have readily chosen among untold numbers of dissimilar names to combine with the word “ Bargain ”. As no doubt exists in my mind of respondent’s intent to deceive, the motion is granted.