■ In the Matter of FRANCOIS L. SCHWARZ, INC., Respondent, v. S. SCHWARTZ MILITARY SALES, INC., et al., Appellants.— Order, entered on July 7, 1966, granting injunction pursuant to Penal Law section 964 unanimously reversed, on the law and the facts, and petition dismissed, with $50 costs and disbursements to the appellants. Both parties have for many years been engaged in the business of selling merchandise to the armed forces of

the United States. Respondent until recently did business as an individual using his own name, Sam Schwartz. He has formed a corporation to continue the business under the name of S. Schwartz Military Sales, Inc. A proceeding under Penal Law section 964 requires that there be proof that the name employed was assumed with intent to deceive or mislead the public as to the identity of the user. Failing proof of fraudulent intent, summary relief cannot be granted and plaintiff's relief, if any, is by plenary action (*Matter of Ryan & Son* v. *Lancaster Homes*, 19 A D 2d 14). The proof required must be clear and convincing on the issue of intent (*Matter of Playland Corp.* v. *Playland Center*, 1 N Y 2d 300) to the extent that it can be said that there is no real issue to be tried (*Matter of Technical Color & Chem. Works* v. *Felkay*, 21 A D 2d 787; *Matter of Industrial Plants Corp.* v. *Industrial Liquidating Co.*, 286 App. Div. 568). The supporting affidavits here fall far short of these criteria. In fact, about all that is shown is a possibility of mistake on the part of suppliers. Motion for a stay dismissed, without costs, having become academic by virtue of the decision of this court, decided herewith. Concur — Botein, P. J., Rabin, McNally and Steuer, JJ.